MATTER OF GARCIA-CASTILLO

In DEPORTATION Proceedings

A-13710425

*Decided by Board April 30, 1964*

Adjustment of status under section 245, Immigration and Nationality Act, as amended, is denied as a matter of discretion to an alien from a nonquota country who sought and gained entry into the United States with a preconceived intention to establish permanent residence, since the *bona fides* of the alien in securing his nonimmigrant visa is a persuasive factor in considering the exercise of such discretion. [NOTE: See also, *Matter of Garcia-Castillo*, Int. Dec. No. 1416, of which the alien in this case is also the subject.]

CHARGE:

Order: Act of 1952—Section 241(a)(2) [8 U.S.C. 1251(a)(2)]—Visitor, remained longer.

In an opinion dated February 24, 1964, the special inquiry officer found the respondent herein deportable on the charge contained in the order to show cause and granted his application for status as a permanent resident under section 245 of the Immigration and Nationality Act. From that opinion the trial attorney has appealed to this Board. The appeal will be sustained.

The respondent is a native and citizen of Peru, single, who was last admitted to the United States on June 13, 1963, at which time he was authorized to remain in the United States as a visitor until July 15, 1963. On October 2, 1963, he applied for adjustment of status to that of a permanent resident and that application was denied on November 26, 1963. He was thereafter permitted to remain in the United States until December 26, 1963. He remained beyond that time without authority and is, therefore, deportable on the charge contained in the order to show cause.

The special inquiry officer in his opinion found that it was the respondent's intention at the time he came to the United States to apply for adjustment of status from that of a visitor to that of a permanent resident. The record shows that even though he knew it was illegal for him to work in this country, he nevertheless obtained employment about a week after his arrival. Moreover, his first application for a visitor's

visa to the United States was rejected by the American consul. Thereafter he requested a travel agent in his home country to assist him and it is his testimony that the travel agent arranged for him to get a letter from a doctor to the effect that the respondent was making a trip to the United States in order to secure medical treatment. Upon presentation of this letter to the American consul, the visitor's visa was issued.

The special inquiry officer in considering the application of the respondent cited our decision in the *Matter of Barrios*, Interim Decision No. 1264. He concluded from this opinion that our holding was that when an alien comes from a nonquota country, his *bona fides* in securing the nonimmigrant visa is immaterial to consideration of an application under section 245. Accordingly, he reasoned that the exercise of discretion in applications under section 245 should only be based on other factors in the case of the applicant. We cannot agree with the special inquiry officer in this regard. In *Barrios* we limited our decision to grant relief to the particular facts of that case. There we had a situation of a nonquota alien who entered the United States as a nonimmigrant fully cognizant of the fact that he could not remain permanently unless permitted to do so lawfully. We found no lack of good faith in his entry as a nonimmigrant, nor any intention to circumvent the normal procedures of entering the United States for permanent residence. In that case we did not agree with the Service that Barrios unequivocally admitted that it was his intention to come here permanently at the time he applied for and obtained his visitor's visa. These factors are not present in the instant case. Here the respondent upon his first application for a nonimmigrant visa obtained and presented to the American consul a false employment statement. On his second application for a nonimmigrant visa he presented a letter from a doctor stating that it was necessary for him to travel to the United States for medical reasons. Moreover, within one week after arriving in the United States the respondent took employment. The record shows beyond a doubt that the respondent sought and gained entry into the United States with a preconceived intention to establish permanent residence here. The respondent freely concedes his deception upon the American consul. His testimony in this regard states that his reason for seeking this method of permanent residence in the United States was because he did not want to wait a long time to get an immigrant visa and because he has no "guarantee" or financial sponsorship in the United States. It is his testimony that he seized upon this method after finding out from several friends who had also entered the United States as tourists and were able thereafter to adjust their status to that of permanent residents. The trial attorney in a

brief on appeal sets forth the above factors as reasons for not exercising discretion favorably. We agree with the trial attorney's assertion that to grant the respondent the relief he seeks would tend to encourage deliberate evasion of consular functions. We have so held in the *Matter of D—*, Interim Decision No. 1330, decided by BIA on April 3, 1964.

The special inquiry officer considering the factors other than the *bona fides* of the respondent in his entry into the United States as a nonimmigrant, seizes upon the factor that the respondent was completely truthful in describing the circumstances under which he gained admission to the United States. The special inquiry officer characterizes his candor as refreshing and concludes that he should not be punished for such truthfulness.

This Board has carefully reviewed the record herein, together with representations made by the trial attorney on appeal. Furthermore, we have given thorough consideration to the brief of counsel for the respondent. We are not concerned herein with matters of material misrepresentations inasmuch as that charge has not been lodged in the present proceeding. Our sole consideration is directed to the proper exercise of discretion in a case such as this where there has been a flagrant disregard by the respondent of the lawful visa procedures. We concede the respondent is statutorily eligible for the relief he seeks. Refreshing though as his candor may be, we cannot ignore nor can we condone the method he has used to seek permanent residence into this country. We do not think that under these circumstances section 245 was placed into the law to avoid the properly authorized visa issuing procedures of the American consuls abroad. Desirable as his residence in the United States might be, we deem it appropriate that such residence should be attained in the proper manner. We re-assert the important fact that *bona fides* of an applicant for relief under this section in his securing of a nonimmigrant visa for entry into the United States is a persuasive factor in the exercise of discretion as provided to the Attorney General for the consideration of the applications under section 245. In this particular case we find that the circumstances do not warrant a favorable exercise of that discretion. Accordingly, the following order will be entered.

ORDER: It is ordered that the appeal of the trial attorney be sustained and that the application of the respondent for relief under section 245 of the Immigration and Nationality Act be denied as a matter of discretion.