MATTER OF IMBER

In Deportation Proceedings

A–20837137

A–20160802

*Decided by Board June 28, 1977*

(1) Respondents, who are husband and wife, applied for adjustment of status under section 245 of the Immigration and Nationality Act based on husband's classification as a fourth preference immigrant under section 203(a)(4) of the Act. The application of the wife depends on that of her husband. Both applications were denied by the District Director.

(2) Male respondent was found guilty on a plea of violation of sections 159 and 168 of the Israeli Criminal Act of 1936, for engaging in sexual misconduct with three 16-year-old girls between 1972 and 1973. Violations of this statute are crimes involving moral turpitude and render the male respondent excludable under section 212(a)(9) of the Act and therefore ineligible for section 245 adjustment.

(3) Since respondents are the parents of a United States citizen child, the record will be remanded for determination of whether respondent is eligible for a waiver of his ground of inadmissibility pursuant to section 212(h) of the Act.

CHARGE:

Order: Act of 1952—Section 241(a)(2) [8 U.S.C. 1251(a)(2)]—Nonimmigrant visitor—
             remained longer

ON BEHALF OF RESPONDENT:
George Gershenfeld, Esquire
715 Widener Building
Philadelphia, Pennsylvania 19107

ON BEHALF OF SERVICE:
George Indelicato
Appellate Trial Attorney

BY: Milhollan, Chairman; Wilson, Appleman, and Maguire, Board Members

This is an appeal from the September 9, 1976, decision of an immigration judge finding the respondents deportable under section 241(a)(2) of the Immigration and Nationality Act and denying them the relief of adjustment of status. He, further, denied the male respondent voluntary departure, ordering his deportation to England and granted the female respondent voluntary departure. Both respondents have appealed. The appeal will be sustained and the record remanded.

The male respondent is a 31-year-old native of the USSR and citizen of Israel who entered the United States as a nonimmigrant visitor on

October 1, 1974. The female respondent is a 27-year-old native of France and a citizen of the United Kingdom who entered the United States, also as a nonimmigrant visitor, on October 13, 1974. The respondents have admitted the truth of the allegations contained in the Orders to Show Cause and conceded deportability.

The male respondent is the beneficiary of an approved visa petition filed by his United States citizen father and approved on March 19, 1975. Because the male respondent married the female respondent on May 2, 1975, he was no longer entitled to a preference under section 201(b) of the Act. However, under 8 C.F.R. 204.5, this preference was automatically converted to a preference under section 203(a)(4), which is currently available. The female respondent's application for adjustment is dependent upon her husband's preference.

The respondents' applications for adjustment of status were denied by the District Director on April 21, 1976, and they were granted voluntary departure without the issuance of an Order to Show Cause until May 21, 1976. They have not departed and they renewed their applications for adjustment at the deportation hearing.

In order to be eligible for adjustment of status an alien must be eligible to receive an immigrant visa and not otherwise be excludable from the United States. Both the District Director and the immigration judge found that the male respondent was excludable under section 212(a)(9) of the Act as one who has been convicted of a crime involving moral turpitude. Both respondents, therefore, were denied adjustment.

The male respondent was convicted in Israel of violation of sections 159 and 168 of the Criminal Act of 1936.[1] He was accused of sexual misconduct with three 16-year-old girls between December, 1972 and January 1973. He was found guilty upon a plea on April 29, 1974. The question is whether this conviction was for a crime involving moral turpitude.

We are unable to find a decision of this Board concerning a conviction under this statute or for this exact offense. The Board holds, generally, that when a statute is "divisible," i.e., one which may or may not describe crimes involving moral turpitude, we must look to the record to discover the exact nature of the offense for which the respondent was convicted. See *Matter of Garcia*, 11 I. & N. Dec. 521 (BIA 1966). An examination of the indictment is often necessary to determine moral turpitude in cases involving broad statutes.

---

[1] Section 159 of the Israeli Criminal Act of 1936 reads:

He who engages in sexual misconduct with a person of less than 16 years of age shall be convicted of a felony and subject to a penalty for a period of up to three years.

Section 168 of the same act reads:

He who makes immoral advances to a person of less than 16 years of age, or to any women, is subject to a sentence of up to three months in jail.

In *Matter of W—*, 5 I. & N. Dec. 239 (BIA 1953), we decided that a conviction for contributing to the delinquency of a minor under section 33 of the Juvenile Delinquents Act of 1929, Statutes of Canada, 1929, C. 46, 19–20, a divisible statute, constituted a crime involving moral turpitude. See also *Matter of F—*, 2 I. & N. Dec. 610 (BIA 1946). In *Matter of S—*, 5 I. & N. Dec. 686 (BIA 1954), we considered an indecent assault against a female under section 292(a) of the Canadian Criminal Code to be a crime involving moral turpitude. See also *Matter of Z—*, 7 I. & N. Dec. 253 (BIA 1956). Conviction of the offense of sexual intercourse with a female under 16 years of age in violation of section 944.10(2) of Wisconsin Statutes has also been held to involve moral turpitude. *Matter of Dingena*, 11 I. & N. Dec. 723 (BIA 1966). Moreover, statutory rape has repeatedly been held to involve moral turpitude, despite the strict liability nature of the crime. *Matter of R—*, 3 I. & N. Dec. 562 (BIA 1949); *Matter of P—*, 5 I. & N. Dec. 392 (BIA 1953); *Matter of M—*, 9 I. & N. Dec. 452 (BIA 1961); *Bendel v. Nagle*, 17 F.2d 719 (9 Cir. 1927); *Ng Sui Wing v. U.S.*, 46 F.2d 755 (7 Cir. 1931); *Castle v. INS*, 541 F.2d 1064 (4 Cir. 1976).

In addition, convictions for violations of the following statutes have also been held to involve moral turpitude: (1) Article 203 of the Criminal Code of Poland defining commission of immoral acts with persons less than 15 years of age; (2) impairing the morals of a minor under section 248 of the New York Penal Law; (3) Contributing to the delinquency of a child under section 37.089 of the Illinois Criminal Code; (4) cases under section 1203.3 of the Penal Code of California involving convictions for "base" and "depraved" offenses and "lascivious conduct." See *Matter of Garcia, supra*, for a more complete listing. More significantly, we have held that a conviction under Michigan law for the crime of taking indecent liberties with a female under sixteen is a crime involving moral turpitude. *Matter of G—*, 6 I. & N. Dec. 461 (BIA 1954).

Considering the precedent decisions, the nature of the statute, and the acts charged in the charging documents and in the decision of the Israeli Court,[2] we find that the offenses for which the respondent was convicted in 1974, were crimes involving moral turpitude. Thus, the respondent was correctly found excludable under section 212(a)(9) of the Act.

Nevertheless, due to the fact that a United States citizen child was

---

[2] The facts described in the charging document indicate that the respondent approached three girls and proposed that they disrobe and be photographed while posing nude and while engaging in sexual intercourse and sexual misconduct. A few days later at the same location the respondent allegedly engaged in sexual misconduct with the body of each of these girls, who were under 16 years of age at the time. At the very least, these acts could be described as "taking indecent liberties with a female under sixteen." See *Matter of G—, supra.*

born to the respondents on January 24, 1977, the male respondent may now be eligible for a waiver of his ground of inadmissibility under section 212(h) of the Act.

In view of this recent development, we find it necessary to remand the record to the immigration judge for a determination as to whether the respondent merits the grant of a section 212(h) waiver in the exercise of discretion.

ORDER: The record is remanded to the immigration judge for further proceedings consistent with the foregoing opinion and the entry of a new decision.