## MATTER OF CAVAZOS

### In Deportation Proceedings

### A–22365153

*Decided by Board January 8, 1980*

(1) While an Immigration and Naturalization Service Operations Instruction binds neither an immigration judge nor the Board, the Service policy manifest therein may appropriately be considered by the immigration judge and the Board in exercising discretion.

(2) Notwithstanding evidence establishing preconceived intent, an application for adjustment of status should as a general rule be granted in the exercise of discretion in the case of an immediate relative or other specified alien who under Operations Instruction 245.3(b) and 8 C.F.R. 242.5(a)(2) and (3) could be granted voluntary departure until invited to appear before a United States consul to apply for an immigrant visa.

(3) Where a finding of preconceived intent was the only negative factor cited by the immigration judge in denying the respondent's application for adjustment of status as the beneficiary of an approved immediate relative visa petition and no additional adverse matters are apparent in the record, and where significant equities are presented by the respondent's United States citizen wife and child, a grant of adjustment of status is warranted as a matter of discretion.

CHARGE:

Order: Act of 1952—Sec. 241(a)(2) [8 U.S.C. 1251(a)(2)]—Nonimmigrant—remained longer than permitted

ON BEHALF OF RESPONDENT:
Laurier B. McDonald, Esquire
P.O. Drawer 54
Edinburg, Texas 78539

ON BEHALF OF SERVICE:
Richard M. Casillas
Trial Attorney

BY: Milhollan, Chairman; Maniatis, Appleman, Maguire, and Farb, Board Members

This case is before us on appeal from the December 21, 1977, decision of an immigration judge, rendered in reopened deportation proceedings, which denied the respondent's application for adjustment of status pursuant to section 245 of the Immigration and Nationality Act, 8 U.S.C. 1255. The appeal will be sustained.

The respondent, a 26-year-old native and citizen of Mexico, entered the United States as a nonimmigrant visitor for pleasure on July 1,

1976, upon presentation of a border crossing card, Form I-186, issued to him in 1972.[1] On that same date, he married his United States citizen spouse whom he had known for a considerable period of time prior to their marriage; a child was born in the United States in 1974 as a result of that relationship.

At the initial deportation hearing, the respondent conceded deportability as a nonimmigrant who remained longer than permitted and was granted the privilege of voluntary departure in lieu of deportation. Prior to the expiration of the authorized period of voluntary departure, the respondent filed the present motion to reopen for consideration of his application for section 245 relief predicated upon his status as the beneficiary of an approved immediate relative visa petition. The immigration judge granted the respondent's motion to reopen the deportation proceedings, found him statutorily eligible for adjustment at the reopened hearing that ensued, but denied him the relief sought in the exercise of discretion on the ground that he had entered the United States in July of 1976 with a preconceived intent to remain permanently.

We find that the record, while providing some support for the immigration judge's findings, is ambiguous at best with respect to the respondent's actual intentions at the time of his entry. We need not dwell on that question, however, in light of our conclusion that the adverse factor of preconceived intent, if it existed, has been overcome by the equities presented.

We note with approval present Immigration and Naturalization Service policy, as reflected in Service Operations Instruction 245.3(b), regarding the discretionary grant or denial of an adjustment application. Operations Instruction 245.3(b) provides that notwithstanding evidence establishing an intent on the part of a nonimmigrant to circumvent the normal visa process, i.e., a preconceived intent to remain permanently at the time of entry as a nonimmigrant, an adjustment application should not be denied in the exercise of discretion where substantial equities are present in the case. Under that Instruction, substantial equities are considered to exist if the facts are such that the alien would be granted voluntary departure until he is invited to appear at a United States consulate to apply for an immigrant visa. The Code of Federal Regulations, 8 C.F.R. 242.5(a)(2)(vi)(A) and 245.5(a)(3),[2] authorizes the District Director in

---

[1] The respondent, who resided in a community adjacent to the United States border prior to his July 1976 entry, testified that he had traveled to and from this country frequently, "[m]ore than one hundred times," (Tr. p. 7) and never experienced any difficulties with the immigration authorities.

[2] The subject matter of the foregoing regulation was previously covered by Service Operations Instruction 242.10(a)(6) and 242.10(b)(1).

his discretion, to grant voluntary departure to an immediate relative of a United States citizen,[3] prior to the commencement of his deportation hearing, until such time as the United States consul abroad is ready to issue an immigrant visa.

The Service's internal Operations Instruction 245.3(b) binds neither the immigration judge nor the Board; moreover, under the express terms of the regulation which gives effect to the Instruction, whether an alien may benefit from the Instruction as one who would be granted extended voluntary departure is a discretionary determination to be made by the District Director prior to the commencement of the hearing. We believe, however, that the policy manifest in the Instruction, i.e., to favor immediate relatives seeking a grant of adjustment of status by essentially negating preconceived intent as an adverse factor in meritorious cases, may appropriately be adopted by the immigration judge and the Board in exercising discretion on applications for relief under section 245.

The finding of preconceived intent was the only negative factor cited by the immigration judge in denying the respondent's adjustment application and no additional adverse matters are apparent in the record. A significant equity is presented by the respondent's United States citizen wife and child. We conclude that a grant of adjustment of status is warranted in this case and will accordingly sustain the appeal and remand the record to the immigration judge for further processing of the application for adjustment of status filed by the respondent and for the entry of an order not inconsistent with this opinion. In light of our holding, we need not reach the alternative arguments advanced by the respondent on appeal.

ORDER. The order of the immigration judge is vacated and the record is remanded for further proceedings in accordance with the foregoing opinion.

---

[3] See 8 C.F.R. 242.5(a)(3) for other classes of aliens eligible for a prehearing grant of extended voluntary departure.