MATTER OF IBRAHIM

In Deportation Proceedings

A-21212087

*Decided by Board May 18, 1981*

(1) Entry into the United States as a nonimmigrant with a preconceived intention to remain is a serious adverse factor to be considered by immigration judges and the Board in making discretionary determinations under the Immigration and Nationality Act. *Matter of Garcia-Castillo*, 10 I&N Dec. 516 (BIA 1964), reaffirmed.

(2) Immigration and Naturalization Service Operations Instructions are not binding upon immigration judges or this Board but may be adopted where appropriate.

(3) In the absence of other adverse factors, an application for adjustment of status as an immediate relative should generally be granted in the exercise of discretion notwithstanding the fact that the applicant entered the United States as a nonimmigrant with a preconceived intention to remain. *Matter of Cavazos*, Interim Decision 2750 (BIA 1980), clarified and reaffirmed.

(4) The benefits of *Matter of Cavazos, supra*, are limited to immediate relatives, and an application for adjustment of status by a fifth-preference immigrant who entered the United States as a nonimmigrant with a preconceived intention to remain is properly denied in the exercise of discretion.

CHARGE:
    Order: Act of 1952—Sec. 241(a)(2) [8 U.S.C. 1251(a)(2)] Nonimmigrant—remained longer
                    than permitted

This case is before us on a motion filed by the Immigration and Naturalization Service to reconsider our decision of July 10, 1980, remanding the case to the immigration judge for further consideration. The motion will be granted and the appeal will be dismissed.

The respondent is a 35-year-old native and citizen of Lebanon. His last entry into the United States was on May 19, 1976, as a nonimmigrant visitor for pleasure. On June 3, 1976, he filed an application for adjustment of status based upon a fifth-preference visa petition filed by his sister and approved by the Service in October 1975. The District Director denied the application because he found that the respondent had entered the United States with the preconceived intention of remaining. An Order to Show Cause was issued on June 16, 1977, charging the respondent with deportability under section 241(a)(2) of the Immigration and Nationality Act, 8 U.S.C. 1251(a)(2), for having

remained longer than permitted. At his hearing, the respondent admitted the allegations in the Order to Show Cause. He was found deportable as charged and the immigration judge denied his application for adjustment of status because he found that the respondent had entered the United States as a nonimmigrant with the preconceived intention of remaining.

On appeal, we found ample evidence in the record to support the immigration judge's conclusion that the respondent had entered the United States with the preconceived intention of remaining. The immigration judge's discretionary denial of adjustment of status was in accordance with existing precedent at that time. However, while this case was pending on appeal we reevaluated the weight to be accorded the adverse factor of entry as a nonimmigrant with a preconceived intention to remain vis-a-vis the equity of family ties in the United States. *See Matter of Cavazos,* 17 I&N Dec. 215 (BIA 1980).

In *Matter of Cavazos, supra,* we adopted the Service policy as set forth in Operations Instruction 245.3(b) regarding the discretionary grant or denial of adjustment applications. Operations Instruction 245.3(b) provides that notwithstanding evidence establishing an intent on the part of a nonimmigrant to circumvent the normal visa-issuing process, *i.e.,* a preconceived intent to remain permanently at the time of entry as a nonimmigrant, an adjustment application should not be denied in the exercise of discretion where substantial equities are present in the case. Substantial equities are considered to exist if the facts are such that the alien would be granted voluntary departure until he is invited to appear at a United States Consulate to apply for an immigrant visa. Under 8 C.F.R. 242.5(a)(2)(vi), voluntary departure may be granted to an eligible alien who is admissible to the United States as an immigrant and:

(A) Who is an immediate relative of a United States citizen, or

. . . .

(C) Who has a priority date not more than 60 days later than the date shown in the latest visa office bulletin and has applied for an immigrant visa at an American Consulate which has accepted jurisdiction over the case.

The respondent in *Cavazos* came within category (A) above. As the respondent in this case appeared to come within category (C), we entered an order remanding this case to the immigration judge for further consideration in light of *Matter of Cavazos, supra.*

The Service now moves us to reconsider our decision to remand this case to the immigration judge on the ground that this respondent does not and should not benefit under Operations Instruction 245.3(b) and *Matter of Cavazos, supra.* The Service contends that we have linked Operations Instruction 245.3(b) and 8 C.F.R. 242.5(a)(2)(vi) together in this case to virtually eliminate preconceived intent as an adverse factor

in adjustment cases—a result which was never intended by the Service in promulgating the Operations Instruction. It emphasizes that under both the instruction and the regulation, relief is granted or denied in the exercise of the District Director's discretion. The Service does not urge reconsideration of *Matter of Cavazos, supra,* but argues that it is distinguishable in that the respondent here is a fifth-preference immigrant whereas Mr. Cavazos was an immediate relative. Finally, the Service refers to a line of cases in which we and the courts have held that entry with a preconceived intention to remain is a serious adverse factor relevant to the exercise of discretion. The Service urges us to limit *Cavazos* to its facts and not extend its benefits to immigrants other than immediate relatives.

We are satisfied that Operations Instruction 245.3(b) is not determinative in this case. That instruction is directed to District Directors when they are considering adjustment of status under section 245. In this case, an Order to Show Cause has been issued and the case has long been out of the hands of the District Director. Moreover, as we noted in *Cavazos,* the Operations Instruction is not binding upon immigration judges or this Board. We adopted the policy of that instruction in *Matter of Cavazos* with respect to immediate relatives because we found it to be appropriate. As we now find it to be inappropriate with respect to this case, we reject it.

The question of entry into the United States as a nonimmigrant with a preconceived intention to remain must be viewed in perspective. Entry into the United States with a preconceived intention to remain was once a statutory bar to adjustment of status. Congress eliminated that bar in 1960. *See* Pub. L. No. 86-648, 74 Stat. 505; *see also* the discussion in *Ameeriar v. INS,* 438 F.2d 1028 (3 Cir. 1971), *cert. denied,* 404 U.S. 801 (1971). Thereafter, we concluded that entry with a preconceived intention to remain was still a relevant factor in the exercise of discretion and that it was a serious adverse factor. *Matter of Garcia-Castillo,* 10 I&N Dec. 516 (BIA 1964); *aff'd. Castillo v. INS,* 350 F.2d 1 (9 Cir. 1965). The courts have generally upheld our discretionary denials of adjustment of status in cases where the alien entered with a preconceived intention to remain and had no close family ties in the United States. *See e.g., Santos v. INS,* 375 F.2d 262 (9 Cir. 1967); *Chen v. Foley,* 385 F.2d 929 (6 Cir. 1967), *Ameeriar v. INS, supra; Soo Yuen v. INS,* 456 F.2d 1107 (9 Cir. 1972); *Jain v. INS,* 612 F.2d 683 (2 Cir. 1979).

The Immigration and Nationality Act makes immediate relative status a special and weighty equity. The Congress has accorded immediate relatives important dispensations not available to visa-preference applicants. Section 201(a) of the Act exempts immediate relatives from the Act's numerical limitations on immigration.[1] Further, section 245 of

---

[1] Section 201(b) of the Act defines immediate relatives as "the children, spouses, and parents of a citizen of the United States . . . ."

57

the Act which provides for adjustment of status, denies that benefit to aliens other than immediate relatives who after January 1, 1977, continue in or accept unauthorized employment prior to the filing of an application for adjustment of status. Section 245(c)(2). In view of this most favorable status accorded by Congress, we believe it appropriate to accord greater weight to immediate relative status than to visa-preference status when making discretionary determinations under the Act. Therefore, the benefits of *Matter of Cavazos, supra*, will be limited to immediate relatives.

The respondent in this case is not an immediate relative; he is a fifth-preference immigrant. Accordingly, the appeal will be dismissed.

**ORDER:** The motion to reconsider is granted.

**FURTHER ORDER:** Upon reconsideration, our prior order of July 10, 1980, is withdrawn and the appeal is dismissed.