## MATTER OF BATTISTA

### In Deportation Proceedings

### A-22537674

*Decided by Board October 21, 1987*

(1) The immigration judge erred in denying the respondent's application for adjustment of status on the ground that he had a preconceived intent to remain in the United States at the time of his entry as a nonimmigrant where the respondent was eligible for an immigrant visa and his uncontroverted testimony was that he had only intended to visit his family in this country for a short period at the time of his arrival.

(2) The immigration judge also erred by not weighing the respondent's significant family ties since preconceived intent is only one factor to be considered in the exercise of administrative discretion.

(3) In accordance with an interim rule promulgated by the Immigration and Naturalization Service, the Board of Immigration Appeals will limit its application of the bar of section 245(c)(2) of the Immigration and Nationality Act, 8 U.S.C. § 1255(c)(2) (1982), as amended by the Immigration Reform and Control Act of 1986, which precludes adjustment of status to any alien, other than an immediate relative, who is not in legal status on the date of filing, to aliens who filed adjustment applications on or after November 6, 1986.

CHARGE:

Order: Act of 1952—Sec. 241(a)(2) [8 U.S.C. § 1251(a)(2)]—Nonimmigrant—remained longer than permitted

ON BEHALF OF RESPONDENT:
Timothy M. Manley, Esquire
450 Grant Street, Suite 104
Akron, Ohio 44311

ON BEHALF OF SERVICE:
Russell A. Ezolt
District Counsel

BY: Milhollan, Chairman; Dunne, Morris, Vacca, and Heilman, Board Members

In a decision dated June 30, 1983, the immigration judge found the respondent deportable as an overstayed nonimmigrant under section 241(a)(2) of the Immigration and Nationality Act, 8 U.S.C. § 1251(a)(2) (1982), denied his application for adjustment of status, and granted him voluntary departure in lieu of deportation. The respondent has appealed from that decision. The appeal will be sustained and the record will be remanded to the immigration judge.

The respondent is a 31-year-old native and citizen of Italy who entered the United States on January 9, 1978, as a nonimmigrant visitor for pleasure. The record reflects that he was the beneficiary of a visa petition which was filed on his behalf by his United States citizen father and approved on April 8, 1974. The respondent filed an adjustment application on February 16, 1978. The record further reflects that the respondent was convicted on June 21, 1982, of breaking and entering, grand theft, and possession of criminal tools. He was married on August 27, 1982, to a United States citizen who was pregnant at the time of his deportation hearing.[1]

The Immigration and Naturalization Service issued an Order to Show Cause and Notice of Hearing (Form I-221) on May 13, 1983, charging the respondent with deportability as an overstay. On June 22, 1982, the district director notified the respondent that his adjustment application had been denied because he had a preconceived intention to remain in the United States at the time of his entry as a nonimmigrant. In deportation proceedings before the immigration judge, the respondent conceded deportability and renewed his adjustment application.

The immigration judge denied the respondent's application for adjustment of status on the ground that he had a preconceived intent to remain when he entered this country. In reaching this conclusion the immigration judge noted that the respondent had conceded that he was aware of his father's approved visa petition when he applied for a nonimmigrant visa, that he did not inform the consul of that fact, that he made no attempt to return to Italy within the time granted by his visa, and that he failed to prosecute his 1978 adjustment application until an Order to Show Cause was issued.

We disagree with the findings of the immigration judge and the district director in regard to the respondent's intent at the time of his 1978 entry to the United States. Although the respondent admits knowledge of the visa petition filed by his father, he has consistently stated, both in an affidavit signed on September 12, 1978, and at the hearing, that he only intended to visit his family for a short period until he arrived in this country, at which time they convinced him to stay. As counsel points out, the respondent had an approved visa petition and could easily have obtained an immigrant visa if he had intended to live permanently in the

---

[1] The record reflects that during his deportation proceedings, the respondent's wife filed a visa petition on his behalf, which counsel sought to have expeditiously adjudicated. However, it does not indicate whether the petition was ever approved or denied by the district director.

United States.[2] Although the respondent admits that he did not inform the consul of his approved visa petition, he asserts that he was not asked whether a petition had been filed on his behalf. The Service was unable to obtain the respondent's nonimmigrant visa application to establish that he lied to the consul. Furthermore, the consul indicated that a visa might have been granted anyway, even if the respondent's true status had been known. Under the circumstances presented, we are not persuaded that the respondent had a preconceived intention to remain in the United States when he applied for a visitor's visa and entered the country.

In any case, as counsel for the respondent notes, a preconceived intent is only one factor to be considered in exercising discretion on an adjustment application, so the immigration judge erred in finding the respondent ineligible to adjust on that basis alone. *See Matter of Ibrahim*, 18 I&N Dec. 55 (BIA 1981); *Matter of Cavazos*, 17 I&N Dec. 215 (BIA 1980). The record reflects that the respondent's parents and siblings are United States citizens and lawful permanent residents and that he has a United States citizen spouse and child. These are significant equities which the immigration judge failed to consider in denying the respondent's application.

The immigration judge also erroneously found the respondent ineligible for a waiver of inadmissibility for his conviction under section 212(h) of the Act, 8 U.S.C. § 1182(h) (1982). The immigration judge correctly determined that the respondent was no longer the child of a United States citizen, but he ignored the fact that the respondent has a United States citizen spouse. We therefore find it appropriate to remand the record for reconsideration of the respondent's adjustment application.[3]

We note that section 245(c)(2) of the Act, 8 U.S.C. § 1255(c)(2) (1982), was amended by section 117 of the Immigration Reform and Control Act of 1986, Pub. L. No. 99-603, 100 Stat. 3359, to preclude adjustment of status to any alien, other than an immediate relative, who is not in legal status on the date of filing his application. It is unclear from the record whether the respondent was in legal

---

[2] We note that the respondent had immediate relative status from April 8, 1974, when his visa petition was approved until November 23, 1976, when he reached the age of 21. At that time his status was automatically converted to that of first preference. *See* 8 C.F.R. § 204.5 (1976). When the respondent entered the United States on January 9, 1978, fourth-preference visa numbers were available. *See* Department of State Visa Bulletin, Vol. III, No. 13 (January 1978).

[3] On remand, the immigration judge should also determine the status of the visa petition filed by the respondent's wife and consider holding the proceedings in abeyance if it has not yet been adjudicated. *See Matter of Garcia*, 16 I&N Dec. 653 (BIA 1978).

status on February 16, 1978, when his application was filed because the Order to Show Cause indicates that his stay was authorized to February 8, 1978, but his Arrival-Departure Record (Form I-94) reflects admission until February 23, 1978. In any case, the Service has published an interim rule which provides that the new section 245(c)(2) bar only applies to aliens whose adjustment application was filed on or after November 6, 1986. *See* 52 Fed. Reg. 6320 (1987) (to be codified at 8 C.F.R. § 245.1(b)(5)) (interim rule published March 3, 1987). In view of the Service's position, the Board will apply the same rule in order to maintain consistency in treatment to all aliens whose applications were pending before an immigration judge or the Board prior to November 6, 1986.

Accordingly, the appeal will be sustained and the record will be remanded for further proceedings and the entry of a new decision.

ORDER: The appeal is sustained. The decision of the immigration judge is vacated and the record is remanded for further proceedings consistent with the foregoing opinion.