17 F.3d 393
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Juan S. BARNEDO, Petitioner,
v.
IMMIGRATION AND NATURALIZATION SERVICE, Respondent.
 No. 92-70293.
 United States Court of Appeals, Ninth Circuit.
 Argued and Submitted Nov. 2, 1993.
Decided Dec. 10, 1993.
 
 Before: POOLE, WIGGINS, and T.G. NELSON, Circuit Judges.
 
 
 1
 MEMORANDUM*
 
 
 2
 Juan N. Barnedo petitions for review of a Board of Immigration Appeals (BIA) order denying his motion to reopen his deportation hearing to consider an adjustment of status. We have jurisdiction under 8 U.S.C. Sec. 1105(a) (1988). We conclude that the BIA abused its discretion. Accordingly, we grant the petition for review, reverse the BIA's decision, and remand with instructions to reopen Barnedo's deportation hearing.
 
 BACKGROUND
 
 3
 On August 25, 1987, Barnedo, a citizen of the Philippines, was admitted to the United States as a nonimmigrant visitor with permission to remain for one month. He overstayed, living with his wife, at the time a lawful permanent resident, and his son, a U.S. citizen. He accepted employment in violation of his status as a nonimmigrant visitor. In March of 1988, deportation proceedings were commenced against him.
 
 
 4
 On July 7, 1988, his wife applied for a second preference visa for him pursuant to section 203(a)(2) of the Immigration and Nationality Act, 8 U.S.C. Sec. 1153(a)(2). This application was approved on December 18, 1988, but a visa number was not available at this time. In the meantime, at a deportation hearing held before an immigration judge (IJ), Barnedo conceded deportability and applied for asylum and withholding of deportation. On March 23, 1989, the IJ denied his applications for asylum and withholding of deportation, but granted his application for voluntary departure. Barnedo appealed to the BIA. While his appeal was pending, on November 29, 1991, his wife became a naturalized U.S. citizen. Barnedo moved the BIA for a reopening of his deportation hearing for an adjustment of status under section 245 of the Act, 8 U.S.C. Sec. 1255.[1]
 
 
 5
 On April 13, 1992, the BIA denied Barnedo's motion to reopen the deportation hearing and dismissed his appeal of the IJ's denial of asylum and withholding of deportation. The BIA denied Barnedo's motion to reopen on discretionary grounds. Barnedo appealed only from the BIA's denial of his motion to reopen for an adjustment of status.
 
 DISCUSSION
 
 6
 Where the BIA denies a motion to reopen on discretionary grounds, it must adequately articulate the bases for its exercise of discretion and exercise its discretion based on legitimate concerns. Hernandez-Ortiz v. INS, 777 F.2d 509, 518 (9th Cir.1985). We review the BIA's denial of a motion to reopen for an abuse of discretion. INS v. Abudu, 485 U.S. 94, 105 (1988). We must uphold the BIA unless its conclusion is arbitrary, irrational, or contrary to law. Ahwazi v. INS, 751 F.2d 1120, 1122 (9th Cir.1985).
 
 
 7
 1. Balancing the Equities.
 
 
 8
 The BIA is entitled to deny relief as a matter of discretion. INS v. Rios-Pineda, 471 U.S. 444, 449 (1985). It must balance the equities, however. Specifically, the BIA must weigh both favorable and unfavorable factors. Jen Hung Ng v. INS, 804 F.2d 534, 538 (9th Cir.1986); Mattis v. INS, 774 F.2d 965, 968 (9th Cir.1985). That Barnedo's wife and two children are U.S. citizens is a favorable factor. See Jen Hung Ng, 804 F.2d at 538 (stating that marriage to a U.S. citizen is a favorable factor); In re Ibrahim, 18 I. & N. Dec. 55, 57 (BIA 1981) (stating that immediate relative status is a "special and weighty equity"); In re Cavazos, 17 I. & N. Dec. 215, 217 (BIA 1980) ("A significant equity is presented by the [alien's] United States citizen wife and child."); In re Garcia, 16 I. & N. Dec. 653, 658 (BIA 1978).
 
 
 9
 We cannot conclude that the BIA considered all the equities when the BIA did not expressly show in its order that it did so. See Hassan v. INS, 927 F.2d 465, 467 (9th Cir.1991) (holding that the BIA must " 'state its reasons and show proper consideration of all factors when weighing equities and denying relief' ") (quoting Mattis, 774 F.2d at 968); Jen Hung Ng, 804 F.2d at 538; Chae Kim Ro v. INS, 670 F.2d 114, 116 (9th Cir.1982) (noting that a BIA denial of relief can be affirmed only on the basis articulated in the decision); Santana-Figueroa v. INS, 644 F.2d 1354, 1357 (9th Cir.1981). Here, the BIA made no indication that it actually considered Barnedo's immediate family ties to U.S. citizens. Nor is the BIA's reference to Barnedo's naturalized U.S. citizen spouse sufficient to establish that the BIA considered this factor. See Jara-Navarrete v. INS, 813 F.2d 1340, 1344 (9th Cir.1986) (holding that the obligation to consider both favorable and unfavorable factors is not discharged by cursory reference to favorable evidence).
 
 
 10
 Barnedo's significant family ties are important not only because they constitute a favorable factor, but also because they minimize the adverse impact of Barnedo's preconceived intent to remain in the United States. The BIA cited Barnedo's preconceived intent to remain as one of the four determinative factors in its decision to deny an adjustment of status. However, in Cavazos, 17 I. & N. Dec. at 217, the BIA held the fact that the alien was married to a U.S. citizen and had a U.S. citizen child outweighed the adverse factor of having entered the United States with a preconceived intent to remain. And, in Ibrahim, 18 I. & N. Dec. at 57, the BIA again stated that close family ties to U.S. citizens is a "special and weighty equity" that can outweigh even such a "serious adverse factor" as entry with preconceived intent to remain.
 
 
 11
 The BIA abused its discretion by failing to take into consideration that Barnedo is married to a U.S. citizen and is the father of two U.S. citizens. It further abused its discretion by citing Barnedo's preconceived intent to remain as one factor in its decision to deny Barnedo's application for an adjustment of status.
 
 
 12
 2. Departing From Precedent.
 
 
 13
 The BIA also abused its discretion by disregarding its own precedent. The BIA acts arbitrarily when it disregards its own precedents and policies without giving a reasonable explanation for doing so. Israel v. INS, 785 F.2d 738, 740 (9th Cir.1986). Specifically, the BIA has repeatedly held that immediate relative status is a favorable factor. Yet, here, the BIA was not favorably influenced by Barnedo's U.S. citizen wife and two U.S. citizen children.
 
 
 14
 Moreover, the BIA has repeatedly held that preconceived intent to remain is an unfavorable factor that is to be deemphasized where the alien is married to a U.S. citizen and has U.S. citizen children. Yet, here, the BIA denied an adjustment of status in part because Barnedo entered the United States with the intent to remain. Thus, the BIA did not follow its own precedent or offer reasoned explanations for its failure to do so.
 
 
 15
 3. Barnedo's Visa Petition.
 
 
 16
 The BIA again abused its discretion by asserting that the INS had not yet approved Barnedo's visa petition. The BIA's assertion is confusing and incorrect. At a minimum, the INS had approved Barnedo for a second preference visa on December 18, 1988. Barnedo was only waiting for a visa number to become available.
 
 
 17
 More importantly, however, the INS had approved Barnedo for an immediate relative visa on November 29, 1991. Under INS regulations, a previously approved visa petition for second preference status automatically converts to immediate relative status upon the petitioner's becoming a naturalized U.S. citizen. 8 C.F.R. Sec. 204.2(h)(3).[2] Thus, as of November 29, 1991, the day his wife became a naturalized U.S. citizen, Barnedo obtained immediate relative status and a visa number became immediately available. See In re Battista, 19 I. & N. Dec. 484, 486 n. 2 (BIA1987) (noting that an alien's visa petition for immediate relative status automatically converted to that of fourth preference status when he turned 21); In re Imber, 16 I. & N. Dec. 256, 257 (BIA1977) (stating that a previously approved visa petition filed by a U.S. citizen for his unmarried son automatically converted to a different preference status upon his marrying); see also Interim Note 1.4(D)(1), State Dept. Cable No. 92-State-136766 (April 30, 1992) ("Upon the naturalization of the petitioner, the approved second preference petition for the spouse automatically converts to status as an immediate relative.").
 
 
 18
 Because the INS had approved Barnedo's visa petition, the BIA's finding that the INS had not yet done so was contrary to law. Because the BIA denied Barnedo an adjustment of status in part because of this erroneous legal finding, the BIA abused its discretion. Jen Hung Ng, 804 F.2d at 538.
 
 4. Barnedo's Unauthorized Employment
 
 19
 The BIA also acted improperly in denying an adjustment of status in part because Barnedo engaged in employment without first obtaining INS authorization. Such unauthorized employment is, in general, a basis for denying adjustment of status relief. See 8 C.F.R. Sec. 245.1(b)(4) (an alien who obtained employment without prior authorization is ineligible to apply for adjustment of status). Barnedo is excepted from this general principle, however, because he is an immediate relative. The unauthorized employment restriction on adjustment of status applications does not apply to immediate relatives. See 8 C.F.R. Sec. 245.1(b)(4)(i).
 
 
 20
 The BIA's finding that Barnedo's application should be adversely affected by such employment was contrary to law. Because the BIA denied Barnedo an adjustment of status in part because of this erroneous legal finding, the BIA abused its discretion. Jen Hung Ng, 804 F.2d at 538.
 
 CONCLUSION
 
 21
 We conclude that the BIA abused its discretion by failing to consider weighty favorable equities or explain its departure from its previous decisions. Furthermore, it abused its discretion by basing its conclusion on erroneous legal findings and improper factors. Accordingly, we grant the petition for review, reverse the BIA's decision, and remand with instructions to reopen the deportation proceedings to consider Barnedo's request for an adjustment of status.
 
 
 22
 PETITION FOR REVIEW GRANTED. REVERSED and REMANDED for further proceedings.
 
 
 
 *
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3
 
 
 [1]
 A spouse of a U.S. citizen is eligible for an immediate visa under section 201(b)(2)(A)(i) of the Act, 8 U.S.C. Sec. 1151(b)(2)(A)(i)
 
 
 [2]
 8 C.F.R. Sec. 204.2(h)(3) ("Automatic conversion of preference classification by the petitioner's naturalization") provides, "Effective upon the date of naturalization of a petitioner who had been lawfully admitted for permanent residence, a currently valid petition according preference status under section 203(a)(2) of the Act to the petitioner's spouse ... shall be regarded as having been approved for immediate relative status under section 201(b) of the Act." (Emphasis added.)