[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
JUNE 29, 2006
THOMAS K. KAHN
CLERK

No. 05-16766
Non-Argument Calendar
_____

BIA No. A79-084-833

DWIGHT PETER BROWN,

Petitioner,

versus

U.S. ATTORNEY GENERAL,

Respondent.

_____

Petition for Review of a Decision of the
Board of Immigration Appeals
_____

**(June 29, 2006)**

Before ANDERSON, BIRCH and HULL, Circuit Judges.

PER CURIAM:

Dwight Brown appeals the Board of Immigration Appeals' ("BIA") order

affirming the Immigration Judge's ("IJ") denial of his application for adjustment of

status under Immigration and Nationality Act ("INA") § 245, 8 U.S.C. § 1255.

After review, we affirm.

## I. BACKGROUND

On June 5, 2000, Brown, a native and citizen of Jamaica, entered the United

States as a non-immigrant visitor for pleasure with authorization to remain until

December 4, 2000. Brown remained in the United States beyond his authorized

date. On December 30, 2002, the Immigration and Naturalization Service ("INS")

issued a notice to appear charging Brown with overstaying his nonimmigrant visa

and removability under INA § 237(a)(1)(B), 8 U.S.C. § 1227(a)(1)(B). The IJ

ordered Brown's removal, and Brown does not contest this issue. Rather, Brown's

appeal involves his I-485 application for adjustment of status.

On December 18, 2000, Brown submitted an I-485 application to adjust his

status to that of an alien lawfully admitted for permanent residence under INA §

245 based on his marriage to a United States citizen.[1] On December 13, 2002, the

INS denied Brown's I-485 application for adjustment of status, pursuant to INA §

212(a)(2)(C), 8 U.S.C. § 1182(a)(2)(C), because Brown's criminal record placed

---

[1]In addition, Brown's wife filed a Petition for Alien Relative seeking a visa for Brown, which was approved on November 27, 2002. The INS's notice of approval stated that, even though the petition had been approved, that approval gave no assurance that Brown automatically would be eligible for visa issuance, admission to the United States or adjustment to lawful permanent resident status. The INS also remarked on the notice that Brown's I-485 application to adjust his status had been denied.

2

him in the inadmissible class of a controlled substance trafficker. Specifically, in May 1998, Brown was arrested in Georgia for cocaine trafficking when a search of his rental car uncovered a package of cocaine in the air filter compartment under the hood. The case was dismissed after the arresting officer failed to testify. In July 1998, Brown was arrested in North Carolina for possession of crack cocaine, but the charges were dismissed because the prosecutor mistakenly believed Brown was already serving a 360-month sentence in federal prison.

After holding several hearings, the IJ affirmed the INS's denial of Brown's application for adjustment of status. The IJ noted that some of the equities supported Brown's application, such as his presence in the United States since June 2000, his marriage to a United States citizen, one of his two children receiving lawful permanent residence status and the potential hardship of removal of his family. However, the IJ also noted concerns about Brown's two arrests, including Brown's vagueness in discussing the arrests, the way in which the arrests were dismissed, the fact that the arrests were for drug offenses, Brown's use of false names, birth dates and addresses upon arrest, Brown's use of fraudulent identification cards and Brown's failure to disclose the arrests on his adjustment application. The IJ noted "significantly that the respondent made a serious misrepresentation in the I-485 application, wherein he failed to disclose in the adjustment application the fact that he had been arrested." The IJ observed that,

3

given the false representation, the question arose whether Brown's application should be pretermitted based upon false representations. However, the IJ decided to hear Brown's application on the merits.

In addition, the IJ expressed concerns about the validity of Brown's marriage, his lack of employment in the United States, the veracity of his mortgage application, his lack of financial support for his family during his marriage and his working with a false social security number and without employment authorization for a significant period of time. The IJ concluded that the negative factors outweighed the positive factors and denied Brown's application "as a matter of discretion . . . . after considering all the testimony and documentary evidence of record . . . ."

The BIA affirmed the IJ's decision without opinion. Brown timely filed this petition for review.

## II. DISCUSSION

Brown argues that the BIA and the IJ applied the wrong legal standard to determine his eligibility to adjust status under INA § 245, 8 U.S.C. § 1255, by balancing the equities to decide Brown's case.[2] Brown contends that the IJ

---

[2]To the extent Brown requests that we review the IJ's and BIA's factual and discretionary determinations denying him adjustment of status, we lack jurisdiction to review such discretionary determinations. See INA § 242(a)(2)(B), 8 U.S.C. § 1252(a)(2)(B). However, we do have jurisdiction to review Brown's claim that, as a matter of law, the IJ applied the wrong legal standard to determine his eligibility for status adjustment. See INA § 242(a)(2)(D), 8

improperly used standards from cancellation of removal found in INA § 240A, 8 U.S.C. § 1229b, which imposes a heightened burden.

"The Attorney General, at his discretion, may adjust an applicant's status to that of an alien lawfully admitted for permanent residence if (1) the alien makes an application for adjustment of status, (2) the alien is eligible to receive an immigrant visa and is admissible for permanent residence, and (3) a visa is immediately available to the alien at the time the application is filed." Nyaga v. Ashcroft, 323 F.3d 906, 908 (11th Cir. 2003) (emphasis added); see also INA § 245, 8 U.S.C. § 1255(a). The Attorney General has discretion under INA § 245 to deny the application "even where an alien satisfies the statutory requirements of eligibility for an adjustment of status . . . ." Drax v. Reno, 338 F.3d 98, 113 (2d Cir. 2003) (citing INS v. Bagamasbad, 429 U.S. 24, 25-27, 97 S. Ct. 200, 207 (1976), which concluded that the INS need not make advisory findings regarding eligibility for adjustment of status where the INS exercises its discretion to deny such relief). In exercising its discretion, the INS considers both significant equities and adverse factors. See, e.g., Matter of Battista, 19 I. & N. Dec. 484, 486 (BIA 1987) (explaining that a preconceived intent to remain in the United States is only one

U.S.C. § 1252(a)(2)(D) (as amended by the REAL ID Act § 106(a)) (providing that the courts of appeals retain jurisdiction to consider constitutional claims or questions of law); see also Chacon-Botero v. U.S. Att'y Gen., 427 F.3d 954, 956-57 (11th Cir. 2005); Balogun v. U.S. Att'y Gen., 425 F.3d 1356,1359-60 (11th Cir. 2005), cert. denied, __ U.S. __, 126 S. Ct. 1920 (2006).

factor an IJ should consider in exercising discretion on an adjustment application and noting that the IJ failed to consider "significant equities"); Matter of Ibrahim, 18 I. & N. Dec. 55, 57 (BIA 1981) (noting that immediate relative status is "a special and weighty equity" in considering an application for status adjustment).

We find no evidence in the record that the IJ applied the wrong standard of eligibility in denying Brown's application for adjustment of status. The IJ never mentioned nor cited cancellation of removal standards as set forth in INA § 240A, 8 U.S.C. § 1229b, but rather decided to deny the application as "a matter of discretion . . . . after considering all the testimony and documentary evidence . . . ." Even though adjustment of status requires an alien to satisfy statutory requirements, the INS may still deny an adjustment of status application as a matter of discretion pursuant to INA § 245. See INA § 245, 8 U.S.C. § 1255(a). In balancing the equities and adverse factors of Brown's application for lawful permanent residence, the IJ was acting within its discretion as permitted by INA § 245 to determine if Brown should be granted adjustment of status. See Drax, 338 F.3d at 113.

Based on the foregoing, we deny Brown's petition for review.[3]

_____

[3]We do not address Brown's alternative argument that there was insufficient evidence to support the INS District Adjudication Officer's denial of Brown's adjustment of status application based on a "reason to believe" that Brown is or has been an illicit trafficker or a conspirator in the illicit trafficking of any controlled substance pursuant to INA § 212(a)(2)(C), 8 U.S.C. § 1182(a)(2)(C). Neither the IJ nor the BIA denied Brown's application pursuant to INA

6

**PETITION DENIED.**

---

§ 212(a)(2)(C), 8 U.S.C. § 1182(a)(2)(C), but rather denied it on different grounds "as a matter of discretion."