# In re Yadvender SINGH, Respondent

File A40 537 854 - New York

*Decided as amended October 11, 2007*[1]

U.S. Department of Justice
Executive Office for Immigration Review
Board of Immigration Appeals

There is no conflict between section 216(c)(4) of the Immigration and Nationality Act, 8 U.S.C. § 1186a(c)(4) (2000), and its implementing regulation at 8 C.F.R. § 1216.5(e)(1) (2007) where both provide the same start date for the circumstances to be considered in determining a conditional permanent resident's application for an extreme hardship waiver and only the statute provides an end date for the relevant period.

FOR RESPONDENT: Alan Michael Strauss, Esquire, New York, New York

FOR THE DEPARTMENT OF HOMELAND SECURITY: Randa Zagzoug, Deputy Chief Counsel

BEFORE: Board Panel: HURWITZ, Acting Vice Chairman; HOLMES and MILLER, Board Members.

HURWITZ, Acting Vice Chairman:

When this case was last before us on April 9, 2003, we dismissed the respondent's appeal from an Immigration Judge's decision of September 25, 2000, and denied his motion to remand for further proceedings. The matter is now before us pursuant to an August 29, 2006, decision of the United States Court of Appeals for the Second Circuit. *Singh v. U.S. Dep't of Justice*, 461 F.3d 290 (2d Cir. 2006). Holding that the two reasons given by the Board for denying the respondent's motion to remand were not correct, the court vacated our decision insofar as it denied the motion. *See id.* at 293-94. For the reasons explained below, we again deny the respondent's motion to remand.

The respondent, a native and citizen of India, entered the United States as a conditional lawful permanent resident on December 2, 1986, based on his marriage to a United States citizen. Under section 216 of the Immigration and Nationality Act, 8 U.S.C. § 1186a (2000), the respondent could have removed

---

[1] On our own motion, we amend the July 11, 2007, order in this case. The amended order makes editorial changes consistent with our designation of the case as a precedent.

the conditional limitation on his status by filing a joint application with his wife during a 90-day period preceding the second anniversary of his lawful entry into the United States as a conditional permanent resident. However, on August 18, 1987, the respondent's wife obtained an annulment, which declared the marriage null and void. Thereafter, the respondent filed an Application for waiver of requirement to file joint petition for removal of conditions (Form I-752). The application was based on a claim that the respondent had entered into his marriage in good faith. *See* section 216(c)(4)(B) of the Act. The application was denied on March 24, 1989, by the former Immigration and Naturalization Service (now the Department of Homeland Security) on the basis that the respondent had not demonstrated that his marriage was entered into in good faith. The respondent was served with an Order to Show Cause and Notice of Hearing (Form I-221) alleging that his conditional permanent residence had been terminated. At his hearing before the Immigration Judge, the respondent renewed his waiver application, which was denied.[2]

The respondent then filed an appeal, along with a motion to remand for the purpose of applying for a different waiver based on extreme hardship pursuant to section 216(c)(4)(A) of the Act. The respondent alleged in his motion that his removal would result in extreme hardship because of issues related to his second marriage and the children from that marriage. We denied the motion for the following reasons. First, the respondent had an opportunity to apply for a hardship waiver before the Immigration Judge and chose instead to pursue a waiver under section 216(c)(4)(B). Second, the respondent's motion was based on hardship that arose subsequent to his period of conditional residence, and section 216(c)(4) provides that "[i]n determining extreme hardship, the Attorney General shall consider circumstances occurring only during the period that the alien was admitted for permanent residence on a conditional basis." Thus, the evidence that the respondent sought to have considered would not support an application for a waiver.

The respondent filed a petition for review with the Second Circuit. The court of appeals concluded that "[t]he BIA's decision, and the government's defense of it, expose a clear conflict between the relevant statute and the agency's corresponding regulation, which, to date, as far as we have found, has not been acknowledged let alone reconciled." *Singh v. U.S. Dep't of Justice*, *supra*, at 295. The court observed that the regulation at 8 C.F.R. § 216.5(e)(1) (2006) provides that "[i]n considering an application for a waiver based upon an alien's claim that extreme hardship would result from the alien's removal from the United States, the director shall take into account only those factors

---

[2] The respondent raised other issues at the hearing, but they are not currently before us.

that arose subsequent to the alien's entry as a conditional permanent resident." According to the court, the regulation conflicted with section 216(c)(4) of the Act and the Board had to comply with the regulation. Specifically, we were required to consider the respondent's evidence of hardship as long as it related to factors that arose after the respondent's entry as a conditional permanent resident.

Given the court's reading of the regulation, our second reason for denying the motion (the fact that the respondent did not apply for a hardship waiver before the Immigration Judge) was also not a valid reason to deny the motion. This is because the respondent's allegations of hardship related to events that occurred subsequent to the hearing before the Immigration Judge and therefore could not have been presented at the hearing.

In our prior decision, we did not specifically address the regulation.[3] However, we now explain why we find that there is no conflict between the regulation we are bound to apply and section 216(c)(4)(A) of the Act, and why we find that we have complied with the regulation. Section 216(c)(4) requires us to "consider circumstances occurring only during the period that the alien was admitted for permanent residence on a conditional basis." Thus, the statute provides both a start date and an end date for the period during which the relevant circumstances must occur. In contrast, the regulation provides only the start date for the relevant circumstances, stating that "only those factors that arose subsequent to the alien's entry as a conditional permanent resident" can be considered. 8 C.F.R. § 1216.5(e)(1) (2007). The regulation does not contain any language that specifically contradicts the language of the statute.

In reviewing the statute and the corresponding regulation, we are mindful of the fundamental canons of statutory construction that a statute and its implementing regulations should be read as a whole and, where possible, afforded a harmonious interpretation, *see, e.g.*, *Carmichael v. The Payment Center, Inc.*, 336 F.3d 636 (7th Cir. 2003), and that the words of a statute must be read in their context and with a view to their place in the overall regulatory scheme, *see Food and Drug Admin. v. Brown & Williamson Tobacco Corp.*, 529 U.S. 120 (2000). We must look to see whether the regulation harmonizes with the plain language of the statute. *See Nat'l Muffler Dealers Ass'n, Inc. v. United States*, 440 U.S. 472, 477 (1979).

---

[3] We note that 8 C.F.R. § 216.5(e)(1), which applies to the Department of Homeland Security, was duplicated in 2003 at 8 C.F.R. § 1216.5(e)(1), which applies to the Executive Office for Immigration Review, including the Board of Immigration Appeals. *See* Aliens and Nationality; Homeland Security; Reorganization of Regulations, 68 Fed. Reg. 9824, 9837 (Feb. 28, 2003).

In the matter before us we find no conflict between the statute and the implementing regulation. Both provide the same start date for the evidence we may consider. The regulation is silent about a termination point for the evidence, so we look to the statute and find that a termination point is clearly set out there. In applying the statute and the applicable regulation to the matter before us, we find that the respondent's evidence of hardship pertains to a time period outside of the relevant period. Because of this, the evidence the respondent submitted does not support his application for a waiver. The evidence also does not support a motion to reopen for a hearing on a waiver application because it is not material to the application. *See* 8 C.F.R. § 1003.2(c)(1) (2007) (stating that a motion to reopen will not be granted unless the evidence sought to be offered is material).

Furthermore, even if the respondent's evidence did concern matters within the relevant period, we would deny the respondent's motion to remand for the reasons that follow. First, the motion does not meet the general regulatory requirements for motions to reopen. A motion to reopen must, among other things, state the new facts to be considered at the reopened hearing and must be supported by affidavits or other evidentiary materials demonstrating prima facie eligibility for the relief sought. *See* 8 C.F.R. § 1003.2(c)(1); *see also INS v. Abudu*, 485 U.S. 94 (1988); *Matter of Coelho*, 20 I&N Dec. 464 (BIA 1992). A motion to reopen will not be granted unless the evidence sought to be offered is material and was not available and could not have been discovered or presented at the former hearing. *See* 8 C.F.R. § 1003.2(c)(1). An alien who seeks to remand or to reopen proceedings to pursue relief bears a heavy burden of proving that if proceedings were reopened, with all the attendant delays, the new evidence would likely change the result in the case. *See Matter of Coelho*, *supra*.

The respondent has not presented sufficient previously unavailable material evidence to support a remand. The new evidence submitted relates to the fact that the respondent and his second wife now have a second child, born March 10, 2000, and that the respondent's mother-in-law has become a United States citizen. The other evidence submitted with the motion relates to events that occurred before the Immigration Judge closed the record in this case on July 6, 1998, and is therefore not new. The motion before us does not include an affidavit from the respondent explaining how the new evidence supports his claim of extreme hardship. Nor is there any other evidence that specifically explains his claim. The evidence that a second child was born and that the respondent's mother-in-law has become a citizen is not sufficient, in our view, to warrant a remand so that the respondent may seek a hardship waiver.

Next, we conclude that the respondent's motion should be denied as a

matter of discretion. The Board has broad discretion to deny a motion to reopen. *See INS v. Doherty*, 502 U.S. 314, 323 (1992); *INS v. Rios-Pineda*, 471 U.S. 444 (1985). In his decision, the Immigration Judge found that the respondent's "marriage was one set up solely for the purpose of procuring an alien registration card for the Respondent and providing [his first wife] with a monetary bonus for her assistance." We agreed in our decision that "[t]he respondent entered into his first marriage in order to obtain an immigration benefit" and that "the respondent entered into a marriage for the purpose of evading the immigration laws." We continue to concur with the Immigration Judge that the respondent entered into his first marriage for the purpose of evading the immigration laws and obtaining an immigration benefit.

We find that the respondent's entry into a false marriage and his attempt to obtain immigration benefits based on that marriage are strong negative factors. However, we must balance those adverse factors against the equities of record. The respondent has resided in the United States for a lengthy period; he has been married to his second wife, a United States citizen, since 1992; he has two young United States citizen children; and his wife has family and other significant ties in the United States. In considering the factors presented, we find that the respondent's attempt to circumvent our country's immigration laws by entering into a false marriage outweighs the positive factors. Accordingly, even if the respondent's motion had presented new material evidence, we would deny the motion as a matter of discretion. *See INS v. Doherty*, *supra*; *INS v. Rios-Pineda*, *supra*; 8 C.F.R. § 1003.2(a). Accordingly, the respondent's motion to remand will be denied.

**ORDER:** The motion is denied.