07-3431-ag
Singh v. Mukasey

UNITED STATES COURT OF APPEALS

FOR THE SECOND CIRCUIT

_____

August Term, 2007

(Argued: July 14, 2008                                              Decided: July 25, 2008)

Docket No. 07-3431-ag

_____

YADVENDER SINGH,

*Petitioner*,

– v. –

MICHAEL B. MUKASEY, Attorney General of the United States,

*Respondent*.

_____

Before: CALABRESI, STRAUB, and B.D. PARKER, *Circuit Judges*.

_____

Petition for Review from an Order of the Board of Immigration Appeals denying, for a second time, Singh's motion to remand his case to an Immigration Judge so that he could apply for an extreme hardship waiver of the ordinary requirement that a conditional permanent resident file a joint petition with his spouse to remove the conditional designation of his residency status. We hold that we have jurisdiction to review the Board's decision, but that the Board did not abuse its discretion by refusing to remand Singh's case. Accordingly, the petition for review is DENIED.

_____

ALAN MICHAEL STRAUSS (Stanley H. Wallenstein, *on the brief*), New York, N.Y., *for Petitioner*.

1

ADA BOSQUE, Office of Immigration Litigation, (Alison Marie Igoe, Office of Immigration Litigation, *on the brief*) *for* Jeffrey S. Bucholtz, Acting Assistant Attorney General, Department of Justice, Washington, D.C., *for Respondent*.

_____

CALABRESI, *Circuit Judge*:

## I.      Background

### A.      *Singh I*

Yadvender Singh's case initially came before our Court following the BIA's refusal "to remand his case so that he could apply . . . for an extreme hardship waiver of the ordinary requirement that a conditional permanent resident file a joint petition with his spouse to remove the conditional designation of his residency status." *Singh v. U.S. Dep't of Justice*, 461 F.3d 290, 291-92 (2d Cir. 2006) (*Singh I*). The extended procedural history of the case is set out in our prior opinion, *id.* at 292-93, and we will not recite it at length here.

The central issue in *Singh I* was how we should define the period during which events may be considered relevant for the showing of "extreme hardship" necessary to obtain a waiver. The applicable regulation states that "[i]n considering an application for a waiver based upon an alien's claim that extreme hardship would result from the alien's removal from the United States, the director shall take into account only those factors that arose *subsequent to the alien's entry as a conditional permanent resident*." 8 C.F.R. § 1216.5(e)(1) (emphasis added).[1] The regulation provided a beginning date (the date of entry as a conditional permanent resident), but no end date. The statute, on the other hand, directed the Attorney General to "consider circumstances

_____

[1] In *Singh I*, we mistakenly referred to 8 C.F.R. § 216.5(e)(1), which applies to the Department of Homeland Security. 8 C.F.R. § 1216.5(e)(1) is an identical provision that applies to the BIA and is applicable to the BIA's consideration of Singh's motion to remand.

occurring *only during the period that the alien was admitted for permanent residence on a conditional basis*." 8 U.S.C. § 1186a(c)(4) (emphasis added). It contained both a beginning and an end date.

We held:

> To our knowledge, neither the BIA, nor any Court of Appeals, has addressed the conflict between the statute and the regulation. And commentators have, without discussion, referred to both formulations in describing the state of the law. To decide the case before us, however, we need not, and hence do not, seek to resolve the conflict. This is because, in deciding the instant case, the BIA has disregarded its own regulations, and that it cannot do.

*Singh I*, 461 F.3d at 295-96 (footnotes omitted). Remanding the case to the BIA, we wrote that:

> Because the basis of [Singh's] proposed application 'arose subsequent to [his] entry as a conditional permanent resident,' [there] were, under the governing regulations, permissible considerations on which his waiver request could be grounded. The BIA panel's holding to the contrary contravenes regulations issued by the INS. If the agency wishes to rescind or revise these regulations to render them facially consistent with the relevant statute, it has the authority and the means to do so.

*Id.* at 296 (footnotes omitted). "Because the reasoning of the BIA's decision contradict[ed] the plain language of its own regulations, and because petitioner's motion to remand was premised on evidence that was previously unavailable," we concluded that the BIA erred in denying the motion, we granted the petition for review and remanded the case to the BIA for further proceedings. *Id.* at 292.

B.     *The BIA's Decision on Remand*

On remand from our Court, the BIA once again denied Singh's motion to remand, this time on three separate grounds. *In re Singh*, 24 I. & N. Dec. 331 (BIA 2007).

3

First, the BIA, now in a three-person precedential opinion, revisited the language of the regulation, which we had earlier said was in "clear conflict" with the statute. *Singh I*, 461 F.3d at 295. The Board determined that in fact "[t]here is no conflict between the regulation we are bound to apply and section 216(c)(4)(a) of the [Immigration and Nationality Act]." *In re Singh*, 24 I. & N. Dec. at 333. Since the regulation was silent about an end date for the relevant period, the BIA simply adopted the end date provided in the statute. The BIA concluded that the evidence that fell within this more limited period did not support [Singh's] application for a waiver. *Id.* at 334. Second, the BIA held that "even if the respondent's evidence did concern matters within [a broader] period, we would deny the respondent's motion to remand" because Singh "has not presented sufficient previously unavailable material evidence to support a remand." *Id.* Finally, the BIA balanced the "strong negative factors" against "the equities of record" to "conclude that [Singh's] motion should be denied as a matter of discretion." *Id.* at 334-35.

**II. Discussion**

A. *Our Jurisdiction over this Case*

As it often does in immigration cases, the government argues that we have no jurisdiction to consider this case. We write specifically to dispel the notion that decisions of the immigration courts can be entirely insulated from appellate review simply by being labeled "discretionary."

Section 1186a(c)(4) of the Immigration and Nationality Act permits the Attorney General "to remove the conditions on an alien's permanent-resident status once the alien demonstrates one of three conditions." *Atsilov v. Gonzales*, 468 F.3d 112, 115 (2d Cir. 2006) (per curiam); *see also* 8 U.S.C. § 1186a(c)(4) (listing three conditions that a petitioner may demonstrate in order to

qualify for removal).  Once an alien demonstrates statutory eligibility for waiver by proving one of these three circumstances, the decision of whether to grant a hardship waiver is committed to the discretion of the Attorney General.  *Atsilov*, 468 F.3d at 116.  We have held that such discretionary decisions are generally barred from our review by 8 U.S.C. § 1252(a)(2)(B)(ii), which provides that "no court shall have jurisdiction to review . . . any . . . decision or action of the Attorney General . . . the authority for which is specified under this subchapter to be in the discretion of the Attorney General." *See, e.g.*, *De La Vega v. Gonzales*, 436 F.3d 141, 145-46 (2d Cir. 2006).

But as we attempted to clarify in *Singh I*, this case did not—and still does not—involve an appeal from the discretionary denial of a hardship waiver application: "To be clear, this appeal does *not* contain a challenge to a denial by the BIA of a hardship waiver application. Rather, it is an appeal only of the BIA's refusal to remand a case so that the agency might consider such an application in the first place."  *Singh I*, 461 F.3d at 293 n.2.  In this case, as in *Singh I*, we review the denial of a motion to reopen, not a decision—discretionary or otherwise—on the merits of Singh's hardship waiver application.[2]  The latter decision might well be beyond our jurisdiction to consider, but the BIA had no authority—much less discretion—to make it.  As the government notes in its brief: "Until the *USCIS* has ruled on Singh's second hardship request, neither the Board nor an immigration judge possesses jurisdiction to consider the merits of his request for a hardship waiver." (Emphasis added).  *See also In re Stowers*, 22 I. & N. Dec. 605, 614 (BIA 1999) ("[T]he Act and the regulations expressly contemplate an initial adjudication of the waiver

---

[2] As we noted in *Singh I*, Singh's motion to remand "is analyzed under the substantive standards applicable to motions to reopen" because the motion seeks to rely on previously unavailable, material evidence. *Singh I*, 461 F.3d at 293.

application before the regional service center director. 'To rule otherwise would be to allow circumvention of the regulatory jurisdictional scheme and could serve to encourage aliens to withhold evidence and arguments until the review stage for purposes of delay.'") (quoting *Matter of Anderson*, 20 I. & N. Dec. 888, 892 (BIA 1994)); *see also* 8 C.F. R. § 1216.5(c) (directing the filing of waiver application "with the regional service center director").

The language of the BIA's opinion—"we would deny the *motion* as a matter of discretion," *In re Singh*, 24 I. & N. Dec. at 335 (emphasis added)—clearly confirms that it was ruling only on the motion to reopen, not on the extreme hardship determination. Of course, as the BIA correctly noted, "[t]he Board has broad discretion to deny a motion to reopen." *Id.* at 334-35 (citing *INS v. Doherty*, 502 U.S. 314, 323 (1992); *INS v. Rios-Pineda,* 471 U.S. 444 (1985)). But the Supreme Court's opinion in *Doherty* indicates that the Board's decision to deny a motion to reopen is reviewable for abuse of discretion. 502 U.S. at 323 (the abuse-of-discretion standard applies to motions to reopen regardless of the underlying basis of the alien's request). Moreover, the jurisdictional language of 8 U.S.C. § 1252(a)(2)(B)(ii) is both very clear and limited: "no court shall have jurisdiction to review . . . any . . . decision or action of the Attorney General . . . the authority for which *is specified under this subchapter to be in the discretion of the Attorney General*." (Emphasis added) And the government points to nothing in the subchapter specifying that motions to reopen are "in the discretion of the Attorney General," nor can we find anything to that effect. As we recently held in *Nethagani v. Mukasey*, __ F.3d __, 2008 WL 2669330 (2d Cir. July 9, 2008), "when a statute authorizes the Attorney General to make a determination, but lacks additional language specifically rendering that determination to

6

be within his discretion . . . the decision is not one that is 'specified . . . to be in the discretion of the Attorney General' for purposes of § 1252(a)(2)(B)(ii)." *Id.* at *3.

Were it otherwise, the BIA could flout *any* remand order from this Court, and insulate its refusal to comply with our mandate from further review simply by saying that its decision not to reopen was "discretionary." Significantly, this Court has frequently reviewed, for abuse of discretion, the BIA's denial of motions to reopen. *See, e.g.*, *Kaur v. Bd. of Immigration Appeals*, 413 F.3d 232, 233 (2d Cir. 2005) (per curiam) ("We review the BIA's denial of a motion to reopen for abuse of discretion."); *see also Sanusi v. Gonzales*, 445 F.3d 193, 199 (2d Cir. 2006) (per curiam) (holding that—because we cannot conclude that such a decision is specified under the relevant subchapter to be in the discretion of the Attorney General—8 U.S.C. § 1252(a)(2)(B)(ii) does not deprive us of jurisdiction to review decisions by an IJ to grant or deny a continuance).

B.      *The Board's Construction of the Regulation*

Singh's central argument is that our prior opinion issued a definitive interpretation of 8 C.F.R. § 1216.5(e)(1)—the regulation governing applications for waiver based on hardship—and that the BIA violated our mandate by interpreting it differently. But our prior opinion did not construe the regulation. In fact, we explicitly *avoided* resolving the issue: "To our knowledge, neither the BIA, nor any Court of Appeals, has addressed the conflict between the statute and the regulation. . . . To decide the case before us, however, we need not, and hence do not, seek to resolve the conflict." *In re Singh*, 461 F.3d at 295-96 (footnotes omitted). We instead premised our decision on the fact that the BIA had impermissibly failed to follow its own regulations: "[T]he BIA has disregarded its own regulations, and that it cannot do." *Id.* at 296.

7

On remand, the BIA harmonized the statute and regulation by adopting the limitations period identified in the statute. *In re Singh*, 24 I. & N. Dec. at 334. This interpretation of the regulation is acceptable, particularly in light of the deference we give to agencies' interpretations of their own regulations. *See Auer v. Robbins*, 519 U.S. 452, 461 (1997) (agency's interpretation is entitled to deference and is "controlling unless plainly erroneous or inconsistent with the regulation"(internal quotation marks omitted)). We have recognized the BIA's authority to construe regulations in light of statutes, even when their plain text seems to conflict. *See, e.g.*, *Joaquin-Porras v. Gonzales*, 435 F.3d 172, 179 (2d Cir. 2006) (affirming the BIA's interpretation of its regulations to conform to the relevant statute despite the fact that the interpretation "seemed to disregard the words of the applicable regulation"). In this case, too, the BIA has permissibly construed the regulation so as to harmonize it with the statute. The BIA did not violate our mandate in doing so.

C.     *Whether the Board Abused Its Discretion in Denying Singh's Motion to Reopen*

There are at least three independent grounds on which the Board might deny a motion to reopen. *Mariuta v. Gonzales*, 411 F.3d 361, 365 (2d Cir. 2005) (citing *INS v. Abudu*, 485 U.S. 94 (1988)). First, the Board may deny a motion to reopen based upon the failure to establish a prima facie case for the relief sought. *Id.* Second, the Board may deny a motion to reopen in the absence of previously unavailable, material evidence. *Id.* Third, where the ultimate relief is discretionary, the Board may conclude that it would not grant the relief in the exercise of discretion. *Id.*

Here, the Board denied Singh's motion based on the second and third grounds identified in *Mariuta*. We need only consider the second. Since we have determined that the Board properly

harmonized the regulation and statute by adopting the statute's language that "[i]n determining extreme hardship the Attorney General *shall* consider circumstances occurring only during the period that the alien was admitted for permanent residence on a conditional basis," 8 U.S.C. § 1186a(c)(4) (emphasis added), it was not compelled to consider evidence relating to circumstances occurring after the end of Singh's conditional residency period. That is, it did not have to consider his second wife's naturalization or the copies of his children's birth certificates (which showed that he and his wife had a second child after the proceedings were closed). Absent this evidence, the BIA did not abuse its discretion in determining that Singh had failed to present previously unavailable material evidence.

### III. Conclusion

This is not a case in which the BIA has exercised unreviewable discretion, and we therefore reject the government's suggestion that we lack jurisdiction to consider the case. But what discretion the BIA has, it has not abused, and we therefore DENY Singh's petition for review.