**Kanchhi Maya SHERPA, Petitioner,**

v.

**Michael B. MUKASEY, Attorney General, Respondent.**

No. 08–1737–ag.

United States Court of Appeals, Second Circuit.

Dec. 1, 2008.

Khagendra Gharti–Chhetry, New York, New York, for Petitioner.

Gregory G. Katsas, Assistant Attorney General, Michelle Gorden Latour, Assistant Director; Nairi M. Simonian, Trial Attorney, Office of Immigration Litigation, United States Department of Justice, Washington, D.C., For Respondent.

PRESENT: Hon. JOSÉ A. CABRANES, Hon. SONIA SOTOMAYOR, Hon. REENA RAGGI, Circuit Judges.

## SUMMARY ORDER

Petitioner Kanchhi Maya Sherpa, a native and citizen of Nepal, seeks review of the March 13, 2008 order of the BIA denying her motion to reopen her removal proceedings. *In re Kanchhi Maya Sherpa,* No. A98 228 768 (B.I.A. Mar. 13, 2008). We assume the parties' familiarity with the underlying facts and procedural history of the case.

We review the BIA's denial of a motion to reopen for abuse of discretion. *Ali v. Gonzales,* 448 F.3d 515, 517 (2d Cir.2006). Here, the BIA did not abuse its discretion in denying Sherpa's time-and number-barred motion to reopen where it reasonably determined that Sherpa had established neither materially changed country conditions nor her *prima facie* eligibility for relief based on threats that her parents allegedly received from Maoists in Nepal. *See* 8 C.F.R. § 1003.2(c)(2), (3)(ii); *Singh v. Mukasey,* 536 F.3d 149, 155 (2d Cir. 2008) (holding BIA may deny motion to reopen based on failure to establish *prima facie* case for relief sought). As a result, the BIA did not abuse its discretion in denying Sherpa's motion to reopen.

The BIA correctly noted that the news articles Sherpa submitted stated only that the Maoists had rejoined the government in December 2007, not that they were responsible for, or acquiesced in, any acts of torture since that time. Thus, even if Sherpa demonstrated that there had been a change in country conditions, she failed to show how that change was, in itself, material. *See* 8 U.S.C. § 1229a(c)(7)(C)(ii). Moreover, in light of the IJ's prior adverse credibility determination, the BIA reasonably declined to credit the letters Sherpa submitted, allegedly from her parents and the Maoists, indicating that the Maoists were searching for Sherpa and her husband. *See Qin Wen Zheng v. Gonzales,* 500 F.3d 143, 147 n. 6 (2d Cir.2007) ("[A] single false document or a single instance of false testimony may (if attributable to the petitioner) infect the balance of the alien's uncorroborated or unauthenticated evidence.") (internal quotation marks omitted). Accordingly, the BIA did not abuse its discretion in denying Sherpa's motion to reopen.

For the foregoing reasons, the petition for review is DENIED. As we have completed our review, the pending motion for a stay of removal in this petition is DISMISSED as moot. Any pending request for oral argument in this petition is DENIED in accordance with Federal Rule of Appellate Procedure 34(a)(2), and Second Circuit Local Rule 34(b).