SUMMARY ORDER

Yan Ping Lu, a native and citizen of the People’s Republic of China, seeks review of a June 23, 2008 order of the BIA denying her motion to reopen her removal proceedings. In re Yan Ping Lu, No. A78 727 651 (B.I.A. June 23, 2008). We assume the parties’ familiarity with the underlying facts and procedural history of the case.
We review the BIA’s denial of a motion to reopen for abuse of discretion. See Jin Ming Liu v. Gonzales, 439 F.3d 109, 111 (2d Cir.2006); Kaur v. BIA, 413 F.3d 232, 233 (2d Cir.2005) (per curiam).
As a threshold matter, we find meritless the Government’s argument that we lack jurisdiction to consider Lu’s petition for review. The Government argues that the BIA’s finding that Lu failed to demonstrate extraordinary circumstances to excuse the untimeliness of her motion to reopen is specified by 8 U.S.C. § 1229a(c)(7)(C)(iv)(III) as within the Attorney General’s discretion, and therefore insulated from our review. See Nethagani v. Mukasey, 532 F.3d 150, 154 (2d Cir.2008). However, the Government fails to acknowledge that Lu’s petition for review arises from the BIA’s denial of her claim of ineffective assistance of counsel, as evidenced by the BIA’s finding that Lu failed to demonstrate that she exercised due diligence in pursuing her case. Because that determination is not specifically identified by the INA as a decision in the discretion of the Attorney General, we have jurisdiction to review her challenge to the BIA’s decision. See 8 U.S.C. § 1252(a)(2)(B)(ii); Singh v. Mukasey, 536 F.3d 149, 154 (2d Cir.2008) (“[W]hen a statute authorizes the Attorney General to make a determination, but lacks additional language specifically rendering that determination to be within his discretion ... the decision is not one that is ‘specified ... to be in the discretion of the Attorney General’ for purposes of § 1252(a) (2) (B) (ii)(internal quotation marks omitted) (quoting Nethagani, 532 F.3d at 154-55)).
We conclude that the BIA did not abuse its discretion in denying Lu’s motion to reopen based on a claim of ineffective assistance of counsel. Pursuant to 8 C.F.R. § 1003.2(c)(2), a motion to reopen must be filed within 90 days of the entry of the final decision in the underlying proceeding. Lu’s motion was indisputably untimely. Claims of ineffective assistance of counsel may provide a sufficient basis for equitable tolling of the 90-day period if, inter alia, the movant exercised “due diligence in pursuing the case during the period [she] seeks to toll.” Ali v. Gonzales, 448 F.3d 515, 517 (2d Cir.2006) (internal quotation marks omitted).
*347 Here, the BIA reasonably found that Lu failed to exercise due diligence in pursuing her claim. Lu argues that she did not learn of prior counsel’s ineffective assistance until she received the BIA’s denial of her first motion in July 2007. This argument is unavailing. In her affidavit, Lu asserted that she sought the services of a second attorney because the first “was very ambiguous regarding helping [her] to file the necessary motion to reopen.” Clearly, Lu was suspicious of counsel’s performance at that point. Furthermore, the second attorney Lu consulted informed her that the first had been uncooperative and did not comply with his requests for a copy of her file, providing further reason for Lu to question her competence. Under these circumstances, we find no abuse of discretion in the BIA’s conclusion that Lu did not demonstrate that she exercised due diligence during the period she sought to toll. See Rashid v. Mukasey, 533 F.3d 127, 132 (2d Cir.2008) (concluding that the moving party bears the burden of proving that she exercised due diligence during the entire period she seeks to toll, including the period of time before the ineffective assistance was, or should have been discovered by a reasonable person under those circumstances, until the motion to reopen is filed).
For the foregoing reasons, the petition for review is DENIED.