SUMMARY ORDER
Petitioner Otilio Espindola-Castena (“petitioner”) seeks review of a November 17, 2008 decision of the BIA, affirming the April 18, 2008 decision of the Immigration *526 Judge (“IJ”), denying petitioner’s motion to reopen his deportation proceedings. The issue presented by this petition for review is whether the BIA abused its discretion in affirming the denial of the motion to reopen. We assume the parties’ familiarity with the underlying facts, procedural history, and specification of issues for review.
Decisions affirming the denial of a motion to reopen are reviewed for abuse of discretion. See Kulhawik v. Holder, 571 F.3d 296, 298 (2d Cir.2009). “The BIA abuses its discretion when its decision provides no rational explanation, inexplicably departs from established policies, is devoid of any reasoning, or contains only summary or conclusory statements.” Id. (internal quotations omitted). Where, as here, the BIA affirms the decision of the IJ without opinion, this Court reviews the IJ’s decision in lieu of the BIA’s decision. See Elbahja v. Keisler, 505 F.3d 125, 128 (2d Cir.2007).
Under the regulations, “[a] motion to reopen proceedings shall not be granted unless it appears to the Board that evidence sought to be offered is material and was not available and could not have been discovered or presented at the former hearing....” 8 C.F.R. § 1003.2(c)(1). There are at least three independent grounds on which the Board might deny a motion to reopen. First, “the Board may deny a motion to reopen based upon the failure to establish a prima facie case for the relief sought.” Second, the Board may deny the motion because the evidence submitted is not material or was not previously unavailable. Or third, where the relief sought is discretionary, the Board can conclude that, even if it were to grant the motion to reopen, it would not exercise its discretion to grant the ultimate relief requested. Singh v. Mukasey, 536 F.3d 149, 155 (2d Cir.2008).
The IJ denied petitioner’s motion to reopen on two grounds. First, the IJ found that the evidence petitioner submitted with his motion to reopen should have been submitted at the merits hearing on his application for cancellation of removal and that petitioner had failed to explain why the evidence was “previously unavailable.”[2] Second, he found that, even considering the new evidence, petitioner had not established his eligibility for cancellation of removal because the evidence failed to show ten years of continuous physical presence. These conclusions were supported by the record and we find no abuse of discretion in the Board’s decision affirming the denial.
We therefore DENY the petition for review.

. On appeal, petitioner argues for the first time that the evidence was previously unavailable because unspecified "parties” had previously been unwilling to submit evidence on his behalf; however, he did not make this argument in front of the IJ or the BIA.