LUCERO, J.,
dissenting.
When the United States Citizenship and Immigration Services (“USCIS”) concludes that a noncitizen is legally ineligible for adjustment of status, federal courts retain jurisdiction to review the determination, notwithstanding our inability to review discretionary adjustment decisions. Sabido Valdivia v. Gonzales, 423 F.3d 1144, 1148-49 (10th Cir.2005). Because I disagree *885 that the agency may insulate a legal decision from our review simply by stating that the decision is discretionary, I dissent.
I
USCIS’ letter denying Marrakchi’s application to adjust his status is a full page long. All but the last sentence addresses Marrakchi’s legal eligibility to adjust. As a preliminary matter, the letter notes that Marrakehi must show that he is statutorily eligible for relief. It then quotes § 240B(d) of the Immigration and Nationality Act, which provides that an alien who fails to voluntarily depart is ineligible for adjustment of status for a period of ten years. Next, the USCIS letter finds that Marrakehi failed to depart the United States pursuant to his voluntary departure order, and, citing In re Bozena Zmijews-ka, 24 I. & N. Dec. 87, 91 (BIA 2007), summarily rejects Marrakchi’s argument that this failure was involuntary. Finally, the letter closes by stating:
In view of the fact that you are an alien who voluntarily failed to depart the United States per your voluntary departure agreement you are not eligible to apply for relief under section 245 of the Act. Your application is hereby denied. Further, your adjustment of status application ... has been denied since you do not warrant favorable discretion under 2U5(a) of the Act.
(emphasis added).
While acknowledging that the letter’s final sentence is “conclusory,” (Majority Op. 883), the majority nevertheless insists that the statement “is beyond and in addition to” USCIS’ determination that Mar-rakchi is statutorily ineligible. (Majority Op. 882). I am not so convinced. Neither, apparently, was USCIS. In its subsequent letter denying Marrakchi’s motion to reopen his application, USCIS explained that it “denied this application on February 6, 2009, due to [Marrakchi’s] ineligibility to adjust status under the Immigration and Nationality Act.”
Despite engaging in a lengthy legal analysis in the initial letter, USCIS never explains why Marrakchi’s situation does not warrant favorable discretion. Nor does it consider countervailing factors that would “merit[] favorable exercise of administrative discretion,” such as “family ties, hardship, length of residence in the United States, etc.” Elkins v. Moreno, 435 U.S. 647, 667, 98 S.Ct. 1338, 55 L.Ed.2d 614 (1978) (quoting Matter of Arai, 13 I. & N. Dec. 494, 496 (BIA 1970)). Specifically, USCIS does not address the fact that Marrakehi is married to a United States citizen. See Matter of Ibrahim, 18 I. & N. Dec. 55, 55 (BIA 1981) (“In the absence of other adverse factors, an application for adjustment of status as an immediate relative should generally be granted in the exercise of discretion.”). Without some explication of its reasoning, the strongest inference is that Marrakehi did not warrant favorable discretion because USCIS found him legally ineligible for adjustment.
The question, however, is not whether USCIS must expressly set forth a particular analysis whenever it makes a discretionary decision, (see Majority Op. 882), but whether a single statement of the kind included in Marrakchi’s initial denial letter is sufficient to convert a decision seemingly predicated on a legal determination into one based on discretion.
No other court appears to have addressed this precise issue. In general, when interpreting immigration law, federal courts should construe restrictions on their own jurisdiction narrowly. See INS *886 v. St. Cyr, 533 U.S. 289, 298, 121 S.Ct. 2271, 150 L.Ed.2d 347 (2001); see also Traynor v. Turnage, 485 U.S. 535, 542, 108 S.Ct. 1372, 99 L.Ed.2d 618 (1988) (reaffirming the “strong presumption that Congress intends judicial review of administrative action”). The importance of this rule has only increased in recent years, as evidenced by the Supreme Court’s insistence that the Executive Branch does not “have a free hand to shelter its own [immigration] decisions from abuse-of-discretion appellate court review simply by ... declaring those decisions ‘discretionary.’ ” Kucana v. Holder, 558 U.S. 233, 130 S.Ct. 827, 840, 175 L.Ed.2d 694 (2010). Moreover, the Second and Ninth Circuits have concluded that “decisions of the immigration courts can [not] be entirely insulated from appellate review simply by being labeled ‘discretionary.’” Singh v. Mukasey, 536 F.3d 149, 152 (2d Cir.2008); see also Hernandez v. Ashcroft, 345 F.3d 824, 847 (9th Cir.2003). In line with these decisions, I would hold that USCIS cannot shield its legal determinations from our review by appending a sentence stating that a noncitizen does “not warrant favorable discretion.”
Hernandez is particularly applicable to the case at bar, although it involves a determination by the Board of Immigration Appeals, rather than by USCIS. Like Marrakchi, Hernandez sought to adjust her status. Hernandez, 345 F.3d at 841. Her legal eligibility to do so turned in part on whether she was the “spouse” of a lawful permanent resident (“LPR”) of the United States. Id. at 841-42. Hernandez’s husband was an LPR, yet the Board denied her application to adjust because her marriage had “completely deteriorated.” Id. at 845. This was tantamount to an eligibility determination and contrary to settled law. Id. at 846; see also United States v. Qaisi, 779 F.2d 346 (6th Cir.1985) (“The word “spouses” in § 201(b) includes the parties to all marriages that are legally valid regardless of whether the INS thinks they are “factually dead” at the time of adjustment.” (citing Dabaghian v. Civiletti, 607 F.2d 868 (9th Cir.1979))). The Board, however, maintained that it could deny Hernandez’s application on these grounds, “as a matter of discretion.” Hernandez, 345 F.3d at 845. In effect, the Board “affixed the adjective ‘discretionary’ ” to its legal determination, and then asserted that its “use of this adjective place[d the] decision beyond review.” Id. at 846. The Ninth Circuit rejected the Board’s argument and exercised jurisdiction over the case, concluding that the Board could not “insulate a decision that is contrary to law by labeling such a decision discretionary.” Id. at 847.
The majority concludes that Hernandez is not on point because there is no indication in this case that USCIS’ “based its discretionary denial on a legally impermissible basis.” (Majority Op. 883). Marrak-chi, however, does not claim that USCIS made a discretionary determination. Rather, he argues that USCIS cloaked a legal determination in the mantle of discretion, just as the Board did in Hernandez. The majority is not far off from this position when it hypothesizes that USCIS based both its statutory and discretionary denial on Marrakchi’s failure to voluntarily depart. But if USCIS’ legal analysis is faulty — if, as Marrakchi argues, he is exempt from the statutory adjustment bar pursuant to the “involuntariness” doctrine — then such a “discretionary” determination here, like the Board’s in Hernandez, would be contrary to law. I think the federal courts must have jurisdiction to decide if this is the case.
Accordingly, I would hold that when US-CIS appears to base an adjustment denial *887 on a legal conclusion, the agency cannot strip the federal courts of jurisdiction to review that determination by simply declaring that discretion is unwarranted.
II
The district court also dismissed Mar-rakchi’s case for lack of jurisdiction pursuant to 8 U.S.C. § 1252(a)(5), which provides that a “petition for review filed with an appropriate court of appeals ... shall be the sole and exclusive means for judicial review of an order of removal.” The majority does not reach this issue, and I address it only briefly.
Our immigration system empowers two different entities to adjudicate an adjustment of status application. Immigration Judges, subject to review by the Board of Immigration Appeals, decide adjustment applications for most noncitizens who are in removal proceedings. 8 C.F.R. § 1245.2(a)(1). Applications from all other noncitizens are decided by USCIS. 8 C.F.R. § 245.2(a)(1). Pursuant to interim regulations adopted by the Executive Office for Immigration Review in 2006, however, Marrakehi is among a small group of “arriving aliens” whose adjustment applications are within USCIS’ exclusive jurisdiction, even though these noncitizens are in removal proceedings or have removal orders against them. 8 C.F.R. § 1245.2(a)(1)(h); see also Matter of Yauri, 25 1. & N. Dec. 108, 107 (BIA 2009) (“[T]he existence of a final order of removal does not preclude the USCIS from granting adjustment of status to an arriving alien who is otherwise eligible for adjustment of status.”).
When USCIS denies an application for adjustment of status in a final agency action, the noncitizen typically requests relief in federal district court under the Administrative Procedure Act, as Marrakehi did here. See, e.g., George v. Napolitano, 693 F.Supp.2d 125, 128, 130 n. 3 (D.D.C.2010); see also Isibor v. U.S. Dep’t of Homeland See. Citizenship & Immigration, 10-1665-JST, 2011 WL 2433479 at *1 (C.D.Cal., June 14, 2011) (unpublished). But when an Immigration Judge or the Board denies an application in the process of entering a final removal order, § 1252(a)(5) applies, and the noncitizen’s only recourse is to ask the Board to reopen or reconsider the matter, or to file a petition for review of the Board’s order in a court of appeals.
The district court held that § 1252(a)(5) also applies in this case, even though US-CIS adjudicated the application, because “the relief Marrakehi seeks in his complaint implicates directly his order of removal because he seeks judicial review of that order.” I disagree. ■ Marrakehi acknowledges that the removal order against him was correctly issued. Rather than challenge the validity of the order, Marrakehi argues that the penalties for failing to depart pursuant to the order— namely, the ten year bar from adjustment of status — should not apply under the “involuntariness” doctrine. This argument does not implicate § 1252(a)(5). Furthermore, if the district court does not have jurisdiction, it is not clear who would. This ambiguity is not only problematic from a pragmatic standpoint, but raises serious constitutional concerns. Because of the interim regulations, the Board cannot review USCIS’ adjudication of an adjustment application for a noncitizen in Mar-rakchi’s position. And the deadline for filing a petition for review with our court had long passed by the time he filed his adjustment application with USCIS. 8 U.S.C. § 1252(b)(1) (a petition for review must be filed “not later than 30 days after *888 the date of the final order of removal”). Accordingly, I would hold that the district court had jurisdiction to hear this case.