Zubar v. Lynch

BIA
A076 164 655
A076 164 656
A076 164 657
A076 164 658

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

## SUMMARY ORDER

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT.  CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1.  WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER").  A PARTY CITING TO A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 4th day of January, two thousand seventeen.

PRESENT:
        RALPH K. WINTER,
        GUIDO CALABRESI,
        PETER W. HALL,
           *Circuit Judges.*

_____

OLGA ZUBAR, ALEKSANDR ZUBAR,
VLADIMIR ZUBAR, INNA ZUBAR,
        *Petitioners,*

        v.                        14-3877
                                     NAC

LORETTA E. LYNCH, UNITED STATES
ATTORNEY GENERAL,
        *Respondent.*

_____

FOR PETITIONER:        Alexander J. Segal, The Law Offices of Grinberg & Segal, P.L.L.C., New York, NY.

**FOR RESPONDENT:**  Benjamin C. Mizer, Principal Deputy Assistant Attorney General; Anthony C. Payne, Assistant Director; Yedidya Cohen, Trial Attorney, Office of Immigration Litigation, United States Department of Justice, Washington, D.C.

UPON DUE CONSIDERATION of this petition for review of a Board of Immigration Appeals ("BIA") decision, it is hereby ORDERED, ADJUDGED, AND DECREED that the petition for review is GRANTED in part and DENIED in part.

Petitioners Olga Zubar, Aleksandr Zubar, Vladimir Zubar, and Inna Zubar, natives and citizens of Ukraine, seek review of a September 15, 2014, decision of the BIA denying their motion to reopen. *In re Olga Zubar, Aleksandr Zubar, Vladimir Zubar, Inna Zubar,* Nos. A076 164 655/656/657/658 (B.I.A. Sept. 15, 2014). We assume the parties' familiarity with the underlying facts and procedural history in this case.

We review the BIA's denial of a motion to reopen "for abuse of discretion, mindful that motions to reopen 'are disfavored.'" *Ali v. Gonzales*, 448 F.3d 515, 517 (2d Cir. 2006) (quoting *INS v. Doherty*, 502 U.S. 314, 322-23 (1992)). An alien seeking to reopen proceedings may move to reopen once, no later than 90 days after the final administrative decision was rendered. 8 U.S.C. § 1229a(c)(7)(C)(i); 8 C.F.R.

2

§ 1003.2(c)(2).  These limitations may be excused, however, if the motion to reopen is "based on changed country conditions arising in the country of nationality or the country to which removal has been ordered, if such evidence is material and was not available and would not have been discovered or presented at the previous proceeding."  8 U.S.C. § 1229a(c)(7)(C)(ii); 8 C.F.R. § 1003.2(c)(3)(ii).

In their motion to reopen, the Zubars alleged that they fear persecution in Crimea, in eastern Ukraine (from which they emigrated) on account of their Ukrainian ethnicity.  The BIA failed to address that claim.  The Government argues that remand would be futile given the BIA's determination that the Zubars' evidence was insufficient to establish a specific threat of harm.  We disagree.

"[A] judicial judgment cannot be made to do service for an administrative judgment."  *Li Hua Lin v. U.S. Dep't of Justice*, 453 F.3d 99, 106 (2d Cir. 2006) (internal quotation marks omitted).  We have recognized certain exceptions to that general rule, which reconcile the "twin commands neither to disturb substantially supported factual determinations nor to let stand determinations that rely, in whole or in part, on legal error."  *Id*.  Among those exceptions is the proposition cited

3

by the Government, that "remand should not be required where—notwithstanding admitted errors—overwhelming evidence supporting the administrative adjudicator's findings makes it clear that the same decision would have been reached in the absence of the errors." *Cao He Lin v. U.S. Dep't of Justice*, 428 F.3d 391, 402 (2d Cir. 2005). Our futility doctrine thus contemplates an agency finding that rests in part on error, but is otherwise amply supported by the record. Here, however, there was no agency finding; so, this exception is inapplicable. We therefore must remand for the limited purpose of allowing the BIA to decide, in the first instance, whether the Zubars' ethnicity claim warrants reopening.

The petition is otherwise denied. The BIA was within its discretion to find that the Zubars failed to establish prima facie asylum eligibility based on their membership in a particular social group (Russian speakers) or their pro-Ukraine political opinions. *Singh v. Mukasey*, 536 F.3d 149, 155 (2d Cir. 2008). The Zubars claimed to have a well-founded fear of future persecution; they did not claim to have been persecuted in the past. To be eligible for asylum on that basis, they had to "make some showing that authorities in [their] country of nationality are either aware of [their] activities or likely

4

to become aware of [their] activities." *Hongsheng Leng v. Mukasey*, 528 F.3d 135, 143 (2d Cir. 2008). To do so, the Zubars could demonstrate that they will be singled out for persecution, or that Crimea has a pattern or practice of persecuting those similarly situated to them. 8 C.F.R. § 1208.13(b)(2).

The Zubars submitted newspaper articles and human rights reports about the political situation in Crimea for Ukrainians. Those reports describe heavily armed "self-defence" groups beating and detaining pro-Ukrainian activists, statements that favoring Ukrainian unity is perceived negatively by Crimeans, and quote ethnic Ukrainians expressing fear of violence, harassment, and losing their employment rights. The BIA reasonably found that this evidence did not demonstrate that a particular social group made up of Russian speakers face persecution.

The BIA was likewise entitled to find that the Zubars failed to corroborate their pro-Ukraine political opinions or show that Crimean authorities would discover those opinions. A motion to reopen must be supported "by affidavits and other evidentiary material." 8 C.F.R. § 1003.2(c)(1). The Zubars' only individualized evidence was an affidavit from Olga Zubar stating, in relevant part, "We do not support the pro-Putin

5

political views for the majority of Crimean residents." That statement was uncorroborated by, for example, documents showing that the Zubars joined a political organization, engaged in pro-Ukraine activism, wrote pro-Ukraine articles, or even that they planned to do so. The record was also devoid of evidence that the Crimean government will learn about the Zubars' political opinions. *See Y.C. v. Holder*, 741 F.3d 324, 334 (2d Cir. 2013) (explaining that even if the Chinese government monitors electronic communications, that does not mean it "is aware of every anti-Communist or pro-democracy piece of commentary published online").

For the foregoing reasons, the petition for review is GRANTED in part and DENIED in part, and the case is REMANDED for further proceedings consistent with this order. As we have completed our review, the pending motion for a stay of removal in this petition is DISMISSED as moot.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk

6