Espinal-Cruz v. Rosen

BIA
A099 668 207/208/209

## UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT

## <u>SUMMARY ORDER</u>

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING TO A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 5th day of January, two thousand twenty-one.

PRESENT:
> JON O. NEWMAN,
> ROBERT A. KATZMANN,
> JOSEPH F. BIANCO,
> > *Circuit Judges.*

_____

CARMEN SUYAPA ESPINAL-CRUZ,
JONATHAN JOSUE ESPINAL-CRUZ,
DARWIN EDUARDO URBINA-ESPINAL
> *Petitioners,*

v.

JEFFREY A. ROSEN, ACTING UNITED
STATES ATTORNEY GENERAL,
> *Respondent.*[1]

19-1
NAC

_____

[1] Jeffrey A. Rosen, Acting United States Attorney General, is automatically substituted for former Attorney General William P. Barr per Federal Rule of Appellate Procedure 43(c)(2). The Clerk of the Court is directed to amend the caption to conform to the above.

**FOR PETITIONERS:**        Raymond G. Lahoud, Esq.,Norris Mclaughlin, P.A., Allentown, PA.

**FOR RESPONDENT:**        Jeffrey Bossert Clark, Acting Assistant Attorney General; Margot L. Carter, Senior Litigation Counsel; Aaron D. Nelson, Trial Attorney, Office of Immigration Litigation, United States Department of Justice, Washington, DC.

UPON DUE CONSIDERATION of this petition for review of a Board of Immigration Appeals ("BIA") decision, it is hereby ORDERED, ADJUDGED, AND DECREED that the petition for review is DENIED.

Petitioners Carmen Suyapa Espinal-Cruz, Jonathan Josue Espinal-Cruz, and Darwin Eduardo Urbina-Espinal, natives and citizens of Honduras, seek review of a December 4, 2018, decision of the BIA denying their motion to reopen. *See In re Carmen Suyapa Espinal-Cruz, et al.,* Nos. A 099 668 207/208/209 (B.I.A. Dec. 4, 2018). We assume the parties' familiarity with the underlying facts and procedural history.

We review the BIA's denial of a motion to reopen for abuse of discretion. *See Jian Hui Shao v. Mukasey*, 546 F.3d 138, 168–69 (2d Cir. 2008). It is undisputed that Petitioners' motion to reopen was untimely and number barred,

2

as it was their second motion to reopen and they filed it nine years after the BIA's final administrative decision. *See* 8 U.S.C. § 1229a(c)(7)(A), (C)(i); 8 C.F.R. § 1003.2(c)(2). There is an exception to these limitations if the motion is filed to seek asylum "based on changed country conditions arising in the country of nationality or the country to which removal has been ordered, if such evidence is material and was not available and would not have been discovered or presented at the previous proceedings." 8 U.S.C. § 1229a(c)(7)(C)(ii); *see also* 8 C.F.R. § 1003.2(c)(3)(ii). Furthermore, such new and material evidence must support the movant's prima facie eligibility for asylum and withholding of removal. *See INS v. Abudu*, 485 U.S. 94, 104 (1988); *see also Singh v. Mukasey*, 536 F.3d 149, 154-55 (2d Cir. 2008).

We hold that the BIA did not abuse its discretion by denying reopening because Petitioners failed to establish their prima facie eligibility for asylum and withholding of removal. An increase in gang violence in Honduras, as Petitioners' proffered evidence purportedly shows, is not material because Petitioners did not establish a nexus

3

between their fear of gangs and a protected ground. *See Ucelo-Gomez v. Mukasey*, 509 F.3d 70, 74 (2d Cir. 2007) (rejecting claim based on perceived wealth); *Melgar de Torres v. Reno*, 191 F.3d 307, 313–14 (2d Cir. 1999) (holding that "an act of random violence" and "general crime conditions" cannot support asylum claim). To the extent that Espinal-Cruz argues that she would be targeted on account of her membership in a particular social group of single women without male protection, she did not argue this point before the BIA, and therefore it is not properly before us. *See Lin Zhong v. U.S. Dep't of Justice*, 480 F.3d 104, 122 (2d Cir. 2007) (holding that generally petitioner must exhaust issues before the BIA).

Lastly, we decline to reach Petitioners' claim under the Convention Against Torture, which was not argued in their motion to reopen or raised in their opening brief in this Court. *See id.; Patterson v. Balsamico*, 440 F.3d 104, 113 n.5 (2d Cir. 2006) ("This Court generally will not consider arguments raised for the first time in a reply brief.").

4

For the foregoing reasons, the petition for review is DENIED.  All pending motions and applications are DENIED and stays VACATED.

FOR THE COURT:
Catherine O'Hagan Wolfe,
Clerk of Court

5