Castillo Maradiaga v. Garland

BIA
A095 487 963

## UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT

### SUMMARY ORDER

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1.   WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER").   A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 27th day of October, two thousand twenty-three.

PRESENT:
> JOSEPH F. BIANCO,
> WILLIAM J. NARDINI,
> MYRNA PÉREZ,
> *Circuit Judges.*

_____

JAVIER CASTILLO MARADIAGA,
> *Petitioner,*

v.                                                        **21-6542**
                                                         **NAC**

MERRICK B. GARLAND, UNITED STATES ATTORNEY GENERAL,
> *Respondent.*

_____

**FOR PETITIONER:**                    Rebecca R. Press, Esq., UnLocal, New York, NY.

**FOR RESPONDENT:**                  Brian M. Boynton, Principal Deputy Assistant Attorney General; Dawen S. Conrad, Senior Litigation Counsel; Rachel P. Berman-Vaporis, Trial Attorney, Office of Immigration Litigation, United States Department of Justice, Washington, DC.

UPON DUE CONSIDERATION of this petition for review of a Board of Immigration Appeals ("BIA") decision, it is hereby ORDERED, ADJUDGED, AND DECREED that the petition for review is DENIED.

Petitioner Javier Arnoldo Castillo Maradiaga, a native and citizen of Honduras, seeks review of a September 29, 2021 decision of the BIA denying his January 28, 2021 motion to reopen. *In re Javier Arnoldo Castillo-Maradiaga*, No. A 095 487 963 (B.I.A. Sept. 29, 2021). We assume the parties' familiarity with the underlying facts and procedural history.

Our review is limited to the BIA's September 29, 2021 decision denying Castillo Maradiaga's January 28, 2021 motion to reopen. *See Nwogu v. Gonzales*, 491 F.3d 80, 84 (2d Cir. 2007) (per curiam). We review the BIA's denial of a motion to reopen for abuse of discretion. *See Singh v. Mukasey*, 536 F.3d 149, 153 (2d Cir. 2008). "An abuse of discretion may be found . . . where the Board's decision

provides no rational explanation, inexplicably departs from established policies, is devoid of any reasoning, or contains only summary or conclusory statements; that is to say, where the Board has acted in an arbitrary or capricious manner." *Ke Zhen Zhao v. U.S. Dep't of Just.*, 265 F.3d 83, 93 (2d Cir. 2001) (citations omitted). We review the BIA's factual findings regarding changed country conditions under the substantial evidence standard, "which requires that they be supported by 'reasonable, substantial and probative evidence in the record when considered as a whole.'" *Kone v. Holder*, 596 F.3d 141, 146 (2d Cir. 2010) (quoting *Iouri v. Ashcroft*, 487 F.3d 76, 81 (2d Cir. 2007)). We review claims of ineffective assistance of counsel de novo. *See Esposito v. INS*, 987 F.2d 108, 111 (2d Cir. 1993) (per curiam) ("A reviewing court uses its own judgment as to whether counsel was effective . . . .").

A noncitizen may file one motion to reopen, 8 U.S.C. § 1229a(c)(7)(A), and "[t]he motion to reopen shall state the new facts that will be proven at a hearing to be held if the motion is granted, and shall be supported by affidavits or other evidentiary material," *id.* § 1229a(c)(7)(B); *see also* 8 C.F.R. § 1003.2(c)(1), (2). A motion to reopen ordinarily must be filed within 90 days of a final order of removal. 8 U.S.C. § 1229a(c)(7)(C)(i); 8 C.F.R. § 1003.2(c)(2). Castillo Maradiaga

3

does not dispute that, unless an exception applies, his motion is time- and number-barred. The BIA did not err in concluding that Castillo Maradiaga was not entitled to equitable tolling due to ineffective assistance of counsel and the BIA did not abuse its discretion in concluding that he failed to establish material, changed country conditions since his final order of removal. Accordingly, no exception applied to the time and number bars on Castillo Maradiaga's January 28, 2021 motion to reopen.

I. Changed Country Conditions

The time limit on motions to reopen does not apply if the movant applies for asylum "based on changed country conditions arising in the country of nationality or the country to which removal has been ordered, if such evidence is material and was not available and would not have been discovered or presented at the previous proceeding." 8 U.S.C. § 1229a(c)(7)(C)(ii); *see also* 8 C.F.R. § 1003.2(c)(3)(ii). A movant also must demonstrate "*prima facie* eligibility for asylum, which means []he must show a realistic chance that []he will be able to obtain such relief." *Jian Hui Shao v. Mukasey*, 546 F.3d 138, 168 (2d Cir. 2008) (internal quotation marks and citation omitted). Substantial evidence supports the BIA's decision that Castillo Maradiaga did not establish a material change in

4

country conditions that would allow him a realistic possibility of relief.

Castillo Maradiaga argued that conditions had worsened in Honduras since his removal order became final in 2003 and that he would be persecuted as an outsider and a proponent of migrant rights. While Castillo Maradiaga does present some evidence that conditions in Honduras have changed, substantial evidence supports the BIA's finding that Castillo Maradiaga did not show that any potential changes were material because his evidence does not bear on his specific claim of persecution as an "outsider or migrant rights advocate." *See Tanusantoso v. Barr*, 962 F.3d 694, 698 (2d Cir. 2020) (country conditions evidence must "materially bear on [petitioner's] claim" (citation omitted)). The reports that Mr. Castillo Maradiaga submitted from the Carnegie Endowment for International Peace and Human Rights Watch do not speak of "outsiders." The Inter-American Commission on Human Rights press release and Human Rights Watch report that he submitted discuss risks for human rights defenders, but focus on defenders of indigenous, land, and LGBTQ rights, not migrant rights, and on individuals who fought for such rights in Honduras, not the United States.[1]

---

[1] Castillo Maradiaga asserts that the BIA "committed an error of law by presuming that a worsening of conditions cannot support a finding of changed conditions." Pet. Br. at 29. Such

Castillo Maradiaga also did not establish that anyone would identify *him* as a human rights advocate, and, consequently, he did not establish eligibility for relief. News articles describe his arrival in the United States as a child, his long detention, and rallies led by his sister to secure his release from detention, but do not identify him as a human rights advocate, and he conceded in a written statement that it was speculative that he would be considered one. Further, as the BIA found, his fear of gangs was a generalized fear of crime and did not constitute a basis for asylum or withholding of removal on a protected ground. *See Quituizaca v. Garland*, 52 F.4th 103, 115 (2d Cir. 2022) (requiring more than general criminal incentives to show a nexus between gang violence and a protected ground). Accordingly, substantial evidence supports the BIA's conclusion that Castillo Maradiaga did not establish a change in conditions material to the bases for his claims for asylum, withholding of removal, and CAT relief.

---

a presumption would have been error. *See Poradisova v. Gonzales*, 420 F.3d 70, 78 (2d Cir. 2005) ("When an applicant moves to reopen his case based on worsened country conditions, and introduces previously unavailable reports that *materially* support his original application, the BIA has a duty to consider these reports and issue a reasoned decision based thereon, whether or not these reports are clearly determinative."). However, the BIA did not make that presumption, instead finding that Castillo Maradiaga's proffered worsening of conditions was not material.

II.     Ineffective Assistance of Counsel

Ineffective assistance of counsel can relieve a petitioner from the time and number bars on a motion to reopen if (1) the petitioner's "counsel's performance was so ineffective that it impinged upon the fundamental fairness of the hearing," *Rashid v. Mukasey*, 533 F.3d 127, 130 (2d Cir. 2008) (alterations adopted) (quoting *Rabiu v. INS*, 41 F.3d 879, 882 (2d Cir. 1994)), and (2) the petitioner exercised due diligence in pursuing his claim, *id.* at 131. To meet the first prong, the noncitizen "must allege facts sufficient to show 1) that competent counsel would have acted otherwise, and 2) that he was prejudiced by his counsel's performance." *Rabiu*, 41 F.3d at 882 (internal quotation marks and citation omitted). And under the second prong, the noncitizen "'will not be entitled to equitable tolling unless he can affirmatively demonstrate that he exercised reasonable due diligence' in pursuing his claim." *Rashid*, 533 F.3d at 131 (quoting *Cekic v. INS*, 435 F.3d 167, 171 (2d Cir. 2006)).

Castillo Maradiaga challenges only the BIA's conclusion under the first prong, but not the second, which is independently dispositive of his argument for equitable tolling due to ineffective assistance of counsel. *See id.* at 131 ("'[B]oth prongs . . . must be met. Thus, no matter how egregiously ineffective counsel's

7

assistance may have been, [the noncitizen must] affirmatively demonstrate that he exercised reasonable due diligence' in pursuing his claim." (first alteration in original) (quoting *Cekic*, 435 F.3d at 170)). Thus, Castillo Maradiaga failed to establish—before us or the BIA—that he "pass[ed] with reasonable diligence through the period [he] seeks to have tolled." *See Iavorski v. INS*, 232 F.3d 124, 134 (2d Cir. 2000) (citation omitted).

For the foregoing reasons, the petition for review is DENIED. All pending motions and applications are DENIED, and all stays are VACATED.

FOR THE COURT:
Catherine O'Hagan Wolfe,
Clerk of Court

8